## HOUSTON & TEXAS CENTRAL RAILWAY COMPANY & Others *v.* SHIRLEY.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.**

Submitted March 24th, 1884.—Decided April 14th, 1884.

*Removal of Causes.*

Under the act of March 3d, 1875, 18 Stat. 470, a suit cannot be removed on the ground of citizenship, unless the requisite citizenship existed both when the suit was begun and when the petition for removal was filed. *Gibson* v. *Bruce*, 108 U. S. 561, cited and followed.

A substituted party comes into a suit subject to all the disabilities of him whose place he takes, so far as concerns the right of removal of the cause. *Cable* v. *Ellis*, 110 U. S. 389, approved.

This was an appeal from an order of the Circuit Court remanding the cause back to the State court from whence it had been removed. The facts are stated in the opinion of the court.

*Mr. John G. Winter* for appellants.

*Mr. J. Hubley Ashton* for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from an order remanding a cause removed from a State court. The record shows that the suit was begun by Shirley, the appellee, a citizen of Texas, on the 16th of July, 1870, in the District Court of McLennan County, Texas, against the Waco Tap Railroad Company, a Texas corporation, to recover a balance claimed to be due on a contract for the construction of the railroad of the defendant company. The company answered the petition on the 25th of November, 1870. Supplemental petitions were filed on the 16th and 17th of December, 1872, bringing in the Houston and Texas Central Railroad Company, another Texas corporation, as a defendant. The case was tried to a jury on the 2d of February, 1875, and judgment rendered in favor of Shirley. This judgment was reversed by the Supreme Court of the State on the 28th of December, 1875, upon a writ of error brought by the

Waco Tap Company, and, on the 16th of March, 1877, the cause was remanded to the District Court for further proceedings. After the case got back to the District Court the petition was several times amended, to the effect that since the commencement of the suit the road, road-bed, franchises, &c., of the Waco Tap Company had been sold to the Houston and Texas Central Company under a deed of trust, and that the Waco Tap Company had become merged in the Houston and Texas Central Company. The Houston and Texas Central and the Waco Tap Companies answered this amended petition, and the cause was again tried to a jury and a judgment rendered in favor of Shirley on the 25th of November, 1878. This judgment also was reversed by the Supreme Court of the State on the 16th of January, 1880, and the cause again remanded to the District Court for further proceedings.

A statute of Texas provides that:

" Whenever a sale of the road-bed, track, franchise, and chartered powers and privileges [of a railroad company] is made, . . . the directors or managers of the sold-out company, at the time of the sale, . . . shall be the trustees of the creditors and stockholders of the sold-out company, and shall have full power to settle the affairs of the sold-out company, collect and pay the outstanding debts, and divide among the stockholders the money and property remaining in their hands after the payment of the debts and necessary expenses ; and the persons so constituted trustees shall have the authority to sue by the name of the trustees of such sold-out company, and may be sued as such, and shall be jointly and severally responsible to the creditors and stockholders of such company, to the extent of the property and effects which shall come into their hands ; and no suit pending for or against any railroad company at the time the sale may be made of its road-bed, track, franchise, and chartered privileges shall abate, but the same shall be continued in the name of the trustees of the sold-out company." Paschal's Dig. 4916,

At the November term, 1881, of the District Court, the petition was again amended, and John T. Flint and others, all citizens of Texas, who were directors of the Waco Tap Com-

pany at the time of the sale of the road-bed, &c., brought in as defendants. In this last amended petition, Shirley describes himself as at that time a citizen of New York. Citations were issued to the individual defendants on the 18th of April, 1882, requiring them to appear and answer on the first Monday in May. At the appointed time they all appeared and filed a demurrer. On the 20th of May they filed a petition, accompanied with the necessary security, for the removal of the cause to the Circuit Court of the United States for the Northern District of Texas. In the petition it is stated that the indi* vidual defendants were, at the time the suit was commenced against them, and still continued to be, citizens of Texas, and Shirley a citizen of New York, and "that the main and essential controversy in this case is between the said plaintiff and the said trustees, John T. Flint et al., principal petitioners herein." The Houston and Texas Central Railroad Company united in the petition, alleging "that this suit or action, as against it, is purely incidental and collateral to and wholly depends upon the plaintiff's right to recover in his said suit or action against its co-defendants herein, the said John T. Flint et al., trustees of the said sold-out company, . . . for damages for breach of contract by said sold-out company now represented by said Flint et al., trustees."

The cause was docketed in the Circuit Court on the 2d of October, 1882, and on the 6th a motion was made to remand. This motion was granted on the 18th of October, and from the order to that effect the present appeal was taken.

We think the Circuit Court was clearly right in sending the case back to the State court. The suit was begun in 1870. At that time Shirley was a citizen of Texas. The proceeding to bring in the trustees of the sold-out company was not the commencement of a new suit, but the continuation of the old one. The trustees were nothing more than the legal representatives of the company that had been sold out, and took its place on the record as a party. The suit remained the same, but with the name of one of the parties changed.

In *Gibson* v. *Bruce*, 108 U. S. 561, it was decided that under the act of March 3d, 1875, c. 137, a suit could not be removed

on the ground of citizenship, unless the requisite citzenship existed both when the suit was begun and when the petition for removal was filed; and in *Cable* v. *Ellis*, 110 U. S. 389, that a substituted party comes into a suit subject to all the disabilities of him whose place he takes, so far as the right of removal is concerned. The record shows that Shirley was a citizen of Texas when the suit was begun, and the right of the railroad company to remove the suit, even if the necessary citizenship had existed, expired with the first term of the State court after the act of 1875 went into effect at which the case could have been tried. Long after this time had elapsed, the railroad company filed an answer to an amended petition and actually went to trial in the State court. This trial resulted in another judgment against the company, which was also reversed by the Supreme Court, and the case sent back for another trial. The trustees were not brought in as parties until all this had been done. It follows that the necessary citizenship did not exist at the commencement of the suit, and that the petition for removal was filed too late. Without considering any of the other questions in the case,

*We affirm the order to remand.*