### ENDY v. COMMERCIAL FIRE INS. CO. OF NEW YORK.

*(Circuit Court, D. California. August 17, 1885.)*

1. REMOVAL OF CAUSE—DIVERSITY OF CITIZENSHIP MUST EXIST WHEN.

A suit cannot be removed from a state court to a national court on the ground of citizenship, under the act of 1875, unless the requisite citizenship of the parties existed both when the suit was commenced and at the time of filing the petition for removal. *Gibson* v. *Bruce*, 108 U. S. 562, S. C. 2 Sup. Ct. Rep. 873, and *Houston & T C. Ry. Co.* v. *Shirley*, 111 U. S. 360, S. C. 4 Sup. Ct. Rep. 472, followed.

2. SAME—AMENDMENT OF PETITION.

*McNaughton* v. *South Pac. C. R. Co.* 19 FED. REP. 883, followed as to right to amend petition in circuit court to show diversity of citizenship, and *held*, that where the state court has refused to order the removal of a cause on defective petition, an amendment is not a matter of right, and will not be permitted.

On Motion to Amend Petition.

*Crittenden Thornton*, for the motion.

*Eagon & Armstrong*, contra.

SAWYER, J. A suit cannot be removed from a state court to a national court on the ground of citizenship, under the act of 1875, unless the requisite citizenship of the parties existed both when the suit was commenced and at the time of filing the petition for removal. *Gibson* v. *Bruce*, 108 U. S. 562; S. C. 2 Sup. Ct. Rep. 873; *Houston & T. C. Ry. Co.* v. *Shirley*, 111 U. S. 360; S. C. 4 Sup. Ct. Rep. 472. The record in this case does not show the proper citizenship of plaintiff at the time of the commencement of the suit, and the state court therefore properly refused to make an order removing the cause.

Plaintiff asks leave to amend his petition in this court in such manner as to show the proper citizenship of the parties to give jurisdiction. In *McNaughton* v. *South Pac. C. R. Co.* 19 FED. REP. 883, doubt was expressed as to the authority of the court to allow such an amendment, notwithstanding the ruling to the contrary in some circuits, and the inconvenience of the practice pointed out. But, conceding the authority, it was held that such an amendment is not a matter of right, but a matter resting in the sound discretion of the court, and ought not to be permitted.

This court is still satisfied with that ruling, and will adhere to it until overruled by higher authority. As shown in the case cited, great embarrassments might result from such an amendment, as, after an amendment in the United States circuit court, the records of both courts would show jurisdiction. The supreme court has settled the point that the state court is not required to let go its hold upon a case till a proper cause for removal is shown by its record. This being so, upon an amendment in the circuit court both courts might regularly proceed to render final judgments that might be different, or even be opposed, and there be no error disclosed by the record of either court upon which the judgment could be reversed.

The amendment of the petition is denied, and the cause remanded, with costs.