## JEFFERSON, Trustee, *v.* DRIVER, Administrator, & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Submitted March 1, 1886.—Decided March 15, 1886.

A removal of a cause from a State court on the ground of local prejudice can only be had where all the parties to the suit on one side are citizens of different States from those on the other.

The provision as to the removal of a separable controversy under the second subdivision of Rev. Stat. § 639 has no application to removals under the third subdivision; and the similar provision in the act of March 3, 1875, applies only to removals under that act.

A purchaser *pendente lite* of real estate who becomes party to the suit is subject to the disabilities of the parties at the time he comes in, in respect of removing the cause from a State court to a Circuit Court of the United States.

The case is stated in the opinion of the court.

*Mr. J. J. Horner, Mr. J. C. Tappan, Mr. D. E. Myers,* and *Mr. W. M. Sneed* for appellants.

*Mr. E. F. Adams* for appellees.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal under § 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, from an order of the Circuit Court remanding a suit which had been removed from a State court. The case was here on a former appeal, and it was then decided that a former removal, to which J. T. Jefferson was a party, had been improperly accepted by the Circuit Court, and the cause was remanded to the State court by the order of this court. *Edrington* v. *Jefferson,* 111 U. S. 770. Reference is made to the report of that appeal for the facts of the case as they appear in the record down to that time.

That appeal, which was taken from a final decree upon the merits, did not operate as a supersedeas, and before the suit got back to the State court a sale of the property involved in the litigation was made, in accordance with the decree appealed from, under which J. W. Jefferson, a citizen of Tennessee, not then a party to the suit, became a purchaser and went into possession.

After the case got back to the State court Mrs. Edrington resigned her office as executrix of the will of James H. Edrington, and John B. Driver, a citizen of Arkansas, was appointed administrator with the will annexed. On the 16th of January, 1885, the administrator, who had been substituted as complainant for Mrs. Edrington as executrix, filed a petition against J. W. Jefferson, the purchaser of the property pending the former appeal, for an account of the rents and profits while he was in possession, and the next day Jefferson presented his petition for a removal of the suit to the Circuit Court of the United States, on the ground that, as to him, the suit was a new one just begun, in which there was a controversy "wholly between citizens of different States, and which can be fully determined as between them without the presence or intervention

of the parties thereto, to wit, a controversy between your petitioner, defendant J. W. Jefferson, who is a citizen and resident of the State of Tennessee, and the complainant in the original and amended bill, John B. Driver, . . . who is a citizen of Mississippi County, Arkansas." He also petitioned for a removal, under § 639, subdivision 3, of the Revised Statutes, on the ground of local prejudice. On the 15th of January, 1885, J. T. Jefferson, who was a party to the first petition for removal, presented his petition for another removal on the ground of local prejudice.

When the suit was entered in the Circuit Court of the United States under these removals it was remanded to the State court, and thereupon this appeal was taken.

So far as the removals on the ground of local prejudice are concerned, it is only necessary to say that such removals can only be had where all the parties to the suit on one side are citizens of different States from those on the other. *Myers* v. *Swann*, 107 U. S. 546. The language of the statute is, "when a suit is between a citizen of the State in which it is brought and a citizen of another State, it may be so removed on the petition of the latter, whether he be plaintiff or defendant." The provision as to the removal of a separable controversy, under the second subdivision of Rev. Stat. § 639, has no application to removals under the third subdivision, and the similar provision in the act of 1875 applies only to removals under that act. *Bible Society* v. *Grove*, 101 U. S. 610. As in this case many of the defendants are citizens of the same State with Driver, the complainant, it follows that the suit was properly remanded under this branch of the applications for removal.

As to the application of J. W. Jefferson for a removal under the act of 1875, the rule in *Cable* v. *Ellis*, 110 U. S. 389, applies. He was brought into the suit as a purchaser *pendente lite*; and the relief asked against him is only an incident to the original controversy. The proceeding is merely ancillary to the suit pending when he bought the property in dispute, and under which he got possession. It is, in short, only a part of the machinery in the administration of the cause. By purchas-

ing *pendente lite* he connected himself with the suit, subject to the disabilities of the other parties in respect to a removal at the time he came in.

The order remanding the suit is

*Affirmed.*