# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### OLDS WAGON WORKS et al. v. BENEDICT.

(Circuit Court of Appeals, Eighth Circuit. March 11, 1895.)

### No. 518.

1. REMOVAL OF CAUSES—RIGHT OF INTERVENER TO REMOVE.

An intervener who introduces himself into a pending action in a state court, solely to assist in its defense and to protect himself against a liability for indemnifying the original defendant, can confer no jurisdiction on the federal court that the original defendant could not confer.

2. SAME.

One J., a citizen of Nebraska, executed a bond to one D., also a citizen of Nebraska, to pay him the damages he might sustain by reason of the attachment of his property in a suit brought against D. by the O. Co., an Indiana corporation. The attachment having been dissolved, D. sued J. on the bond in a court of the state of Nebraska. The O. Co. filed an intervening petition, asking to be made a party, on the ground that it was primarily liable for the damage by the attachment. This petition having been granted, the O. Co. applied for the removal of the cause to the federal court on the ground of local prejudice, and it was accordingly removed to that court, where a judgment was afterwards rendered for the plaintiff. *Held*, that the cause was improperly removed, since the obligee in the bond was entitled to pursue his remedy in the state courts, and the O. Co., intervening voluntarily, came into the state court subject to the disabilities of the defendant.

3. FEDERAL COURTS—JURISDICTION—STIPULATION.

Two other bonds were afterwards given to D., upon appeals taken in the same case, in one of which the O. Co. was principal and four citizens of Nebraska were sureties, and in the other the O. Co. was principal and three other citizens of Nebraska were sureties. Actions on both bonds were afterwards brought by D., and the action on the first bond was removed by the O. Co. to the federal court, on the ground of local prejudice, but no motion was made to remove the second action. While the actions on the attachment bond and the two appeal bonds were pending, the parties stipulated that they should be consolidated and tried as one action, in the federal court, where judgments were afterwards entered for the plaintiff in the first and third actions. *Held*, that the federal court was without jurisdiction to render any judgment in the action on the second appeal bond, in which no motion to remove had been made, the stipulation of the parties being incapable of conferring such jurisdiction.

v.67F.no.1—1

In Error to the Circuit Court of the United States for the District of Nebraska.

These were three actions by D. M. Benedict against J. C. Benedict, the Olds Wagon Works, E. T. Huff, C. T. Boggs, Frank P. Lawrence, J. M. Burks, C. W. Mosher, and A. T. King, on three bonds executed, respectively, by the defendants or some of them, which actions were consolidated by stipulation and heard as one. The plaintiff recovered judgment on two of the bonds in the circuit court. · Defendants bring error.

G. M. Lambertson, for plaintiffs in error.

J. W. Deweese (F. M. Hall, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.   The plaintiffs in error, bring this writ to reverse a judgment against them in the circuit court, which was the result of a trial to a jury as one, of three actions which had been consolidated by a stipulation of the parties before the trial. At the outset they challenge the jurisdiction of the circuit court to try either of these actions or to render the judgment of which they complain.   The actions arose and proceeded as follows:   On November 5, 1887, the plaintiff in error J. C. Benedict, a citizen of the state of Nebraska, executed a bond to the defendant in error, D. M. Benedict, who was also a citizen of the state of Nebraska, conditioned to pay him the damages, not exceeding $2,800, which he might sustain by reason of the attachment of his property in an action brought against him on that day in the district court of Hitchcock county, Neb., by the Olds Wagon Works, a corporation of the state of Indiana.   On March 7, 1892, D. M. Benedict brought an action upon this bond in the district court of Hitchcock county against the obligor, J. C. Benedict.   On April 11, 1892, J. C. Benedict filed his answer, and the Olds Wagon Works filed an intervening petition to the effect that it was primarily liable for all damages that resulted from the attachment, and asked to be made a party defendant in that action.   On June 2, 1892, this petition was granted, and the wagon works was made a party defendant. On October 13, 1892, the wagon works filed a petition and affidavit for the removal of this action to the circuit court on the ground of prejudice and local influence, and the court made an order of removal.   On November 22, 1892, D. M. Benedict, the plaintiff in that action, moved to remand it to the district court of Hitchcock county.   On December 21, 1887, the district court of Hitchcock county dissolved the attachment.   Thereupon the Olds Wagon Works sued out of the supreme court of the state of Nebraska a writ of error, and on January 17, 1888, the Olds Wagon Works, J. M. Burks, Frank P. Lawrence, C. W. Mosher, and A. T. King executed a bond to the defendant in error, D. M. Benedict, conditioned to pay all damages, not exceeding $28,000, which he might sustain by the prosecution of said writ of error in the event that the said attachment should be finally discharged by the supreme court. On the hearing in the supreme court the order dissolving the at-

tachment was not sustained, and the attachment proceedings were remanded to the district court for further proceedings. 41 N. W. 254, 43 N. W. 108. On March 7, 1892, D. M. Benedict brought an action upon the bond last mentioned against the obligors named therein. On April 11, 1892, A. T. King filed his answer to the petition in that case, but none of the other defendants answered. All the defendants in that suit except the Olds Wagon Works were citizens of the state of Nebraska. On April 29, 1892, the Olds Wagon Works filed a petition and affidavit for the removal of this action to the circuit court on the ground of prejudice and local influence, and that court granted an order of removal. On May 10, 1892, D. M. Benedict, the plaintiff in that action, made a motion to remand the same to the state court, and on December 3, 1892, that motion was denied. On October 21, 1889, the district court of Hitchcock county again dissolved the attachment, and the Olds Wagon Works sued out another writ of error from the supreme court of Nebraska to the district court, and the wagon works, E. T. Huff, Frank P. Lawrence, and C. T. Boggs made a bond to the defendant in error, D. M. Benedict, dated December 7, 1889, conditioned to pay all damages, not exceeding $16,000, sustained by him in consequence of the prosecution of such writ of error, in the event that the order of attachment should be finally discharged by the supreme court as unlawfully obtained. D. M. Benedict brought an action in the district court of Hitchcock county on this bond against the obligors in it above named. All these obligors except the wagon works were citizens of the state of Nebraska. No application to remove or order for the removal of this action to the circuit court was ever made.

On January 15, 1893, all the parties to these three actions stipulated that they should be consolidated into one action and tried as such in the circuit court for the district of Nebraska. Thereupon D. M. Benedict filed an amended petition in that court, in which he set forth the three bonds on which the three actions above mentioned were founded, alleged a breach of the conditions of each of them, and demanded judgment for $10,000. All the obligors in the various bonds joined in a single answer. On these pleadings the case was tried to a jury, which found a verdict for $2,800 against J. C. Benedict, the obligor in the first bond, in favor of the obligors in the second bond, and against the Olds Wagon Works, E. T. Huff, Frank P. Lawrence, and C. T. Boggs, the obligors in the third bond, for $7,271.14. On a motion for a new trial the court required the defendant in error to remit a portion of this verdict, and rendered judgment against the obligors in the third bond for $6,127, and against the obligor in the first bond for $2,800.

One result of these proceedings is that a controversy over a bond between two citizens of the same state has been tried and determined in a federal court on the suggestion of a corporation of another state, that was not a party to the obligation nor a necessary party to the action, that it was primarily liable for the damages the obligor had agreed to pay, and that there was prejudice and local influence against it in the county where the obligee had elected

to sue the obligor on his bond. Another result is that a controversy over a bond between the obligee therein, a citizen of Nebraska, on one side, and the joint obligors therein, a citizen of Indiana and four citizens of Nebraska, on the other side, has, by agreement of the parties, been tried and adjudicated by a federal court when there was no ground for the exercise of its jurisdiction stated or alleged by any party in any part of the record.

To state these facts is to dispose of this case. Take the first action upon the attachment bond. The Code of Civil Procedure of the state of Nebraska required, as a condition precedent to the issue of the order of attachment, that a resident of that state, who was worth double the sum to be secured, should execute an undertaking to the defendant in error here, to pay him all damages which he might sustain from the attachment if the order was wrongfully obtained. Consol. St. Neb. 1891, §§ 4710, 5365. Pursuant to these provisions of this Code, J. C. Benedict alone made the bond. When there was a breach of the condition, the defendant in error sued him on this bond in the state court. Both the parties to this action were citizens of Nebraska, and there was no ground on which the federal court could acquire jurisdiction of it. It was not material that the Olds Wagon Works was primarily liable for the same damages secured by the bond, nor that it had indemnified the obligor against loss. The defendant in error was not bound to pursue the wagon works, and was not suing it. The statute gave him the security of the bond of the citizen of his state, and the law gave him the right to enforce that security in the courts of that state. He proceeded to do so. If the wagon works saw fit to intervene to defend this obligor upon the bond and to protect itself, it came into the state court, where it asked to intervene, in the right of, and subject to the disabilities of, the defendant. It had no greater right to remove the action to the federal court than had the obligor in the bond it had provided for the defendant in error, and that was no right whatever.

An intervener who introduces himself into a pending action in a state court solely to assist in its defense, and to protect himself against a liability for indemnifying the original defendant, can confer no jurisdiction on the federal court that the original defendant could not confer. Burnham v. Bank, 3 C. C. A. 486, 489, 53 Fed. 163, 10 U. S. App. 485, and cases cited; Railway Co. v. Twitchell, 8 C. C. A. 237, 59 Fed. 729, 730; Railway Co. v. Shirley, 111 U. S. 358, 4 Sup. Ct. 472; Cable v. Ellis, 110 U. S. 389, 396, 4 Sup. Ct. 85; Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265.

Take the third cause of action upon which the judgment for $6,127 was rendered below. On January 15, 1893, an action was pending in the district court of Hitchcock county, Neb., upon this cause of action, in which the plaintiff, the obligee in the bond, was a citizen of the state of Nebraska, and four of the five defendants, who were joint obligors on this bond, were citizens of the same state. That action is still pending in the state court of Nebraska. It could not be removed on the ground that there was a controversy wholly between citizens of different states, because there was but

one indivisible controversy between the plaintiff and defendants in that case, and four of the defendants were citizens of the same state with the plaintiff. Blake v. McKim, 103 U. S. 336; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726; Bellaire v. Railroad Co., 146 U. S. 117, 13 Sup. Ct. 16; Wilson v. Oswego Tp., 151 U. S. 56, 14 Sup. Ct. 259; Merchants' Cotton Press & Storage Co. v. Insurance Co. of North America, 151 U. S. 368, 14 Sup. Ct. 367.

It is said that this action might have been removed to the federal court by the Olds Wagon Works, a citizen of the state of Indiana, on the ground of prejudice and local influence. That may or may not be true. If it is true, such removal could have been effected only by spreading upon the record proof of such prejudice and local influence satisfactory to the circuit court as required by the act of congress. 25 Stat. p. 433, c. 866, § 2; Supp. Rev. St. p. 612; P. Schwenk & Co. v. Strang, 8 C. C. A. 92, 59 Fed. 209. Nothing of this character was done. No attempt was made to spread upon the record any showing of prejudice or local influence in this case. The stipulation of June 2, 1893, that this action should be consolidated and tried with others in the federal court, recited no ground for its removal, and neither stipulated nor admitted the existence of the facts essential to give that court jurisdiction. "An action pending in a state court cannot be removed to the circuit court, by a written stipulation, where there is nothing in the latter or in the record to show that, by reason of the subject-matter, or the character of the parties, the latter court can take cognizance of it." Bank v. Calhoun, 102 U. S. 256. The stipulation was therefore entirely futile. It took nothing from the state court and conferred nothing upon the federal court. The courts of the United States are courts of limited jurisdiction. Their jurisdiction depends upon the existence of certain essential facts, such as a controversy between citizens of different states in which the matter in dispute exceeds $2,000, or an action arising under the constitution of the United States, or an action between citizens of the same state claiming lands under grants of different states. In order to give one of these courts jurisdiction, the essential facts must not only exist, but they must affirmatively appear upon the record of the case. In every case in which they do not appear, it is the duty of the trial court and of the appellate courts to see that the action is dismissed or remanded to the proper state court as soon as this condition of the record is called to their attention. No consent, agreement, or estoppel can confer jurisdiction upon a federal court to hear or determine any case in which the essential jurisdictional facts do not appear from the record. These rules are fundamental. They are settled by repeated adjudications of the supreme court, and they are fatal to the judgment in this case. Railway Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510; Hancock v. Holbrook, 112 U. S. 229, 232, 5 Sup. Ct. 115; Carnegie, Phipps & Co. v. Hulbert, 3 C. C. A. 391, 53 Fed. 10, 10 U. S. App. 454.

The jurisdiction of the court below was invoked by the plaintiff in error the Olds Wagon Works, and for that reason the defendant in error is entitled to recover his costs in this court and in

the court below. The judgment below must be reversed, with costs against the plaintiffs in error for want of jurisdiction in the circuit court, and the case must be remanded to the circuit court, with directions to that court to remand the action upon the attachment bond to the state court, and to enter a judgment against the plaintiffs in error for the costs in the circuit court; and it is so ordered.