## FOSTER v. PARAGOULD S. E. R. CO.

(Circuit Court, E. D. Missouri, E. D. May 18, 1896.)

### No. 3,925.

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP.

There is no right of removal under the act of March 3, 1887, unless the record and papers show that the citizenship was diverse, both when the suit was begun and when the petition for removal was filed. Gibson v. Bruce, 2 Sup. Ct. 873, 108 U. S. 561, Railway Co. v. Shirley, 4 Sup. Ct. 472, 111 U. S. 358, and Akers v. Akers, 6 Sup. Ct. 669, 117 U. S. 197, followed.

This was a suit by William Foster against the Paragould Southeastern Railroad Company. Plaintiff moves to remand the case to the state court, from which it was removed.

C. P. Caldwell and H. N. Phillips, for plaintiff.

Phillips, Stewart, Cunningham & Eliot and Block & Sullivan, for defendant.

ADAMS, District Judge. The question raised by the present motion is whether it is necessary for the record and papers in the case to show that there was a diversity of citizenship of the parties, within the meaning of the act relating to the removal of causes, both at the time the petition for removal was filed in the state court and at the time the suit was commenced in the state court, or whether it is sufficient if such diversity existed at the time the petition for removal was filed. The papers in the case show that the plaintiff, at the time the motion to remove was filed in the state court, was a citizen of the state of Missouri, and that the defendant, at the time the motion to remove was filed, and also at the time the suit was instituted, was a citizen of the state of Arkansas. It does not appear, and cannot be ascertained from the record and papers in the case, whether the plaintiff was, at the time of the institution of his suit, a citizen of a different state than Arkansas.

This being a court of prescribed jurisdiction. the facts disclosing the same must affirmatively appear. The question therefore is: Is the fact that the record and papers fail to disclose the requisite citizenship at the time the suit was instituted in the state court fatal to the jurisdiction of this court? The judiciary act of March 3, 1875, employs the same phraseology with respect to diverse citizenship of the parties in connection with the right of removal as is found in the act of March 3, 1887, now in force. The first-mentioned act received construction, in the particulars now under consideration, by the supreme court of the United States in the cases of Gibson v. Bruce, 108 U. S. 561, 2 Sup. Ct. 873, Railway Co. v. Shirley, 111 U. S. 358, 4 Sup. Ct. 472, and Akers v. Akers, 117 U. S. 197, 6 Sup. Ct. 669; and in them it was held that a suit cannot be removed unless the requisite citizenship of the parties exists. both when the suit was begun and when the petition for removal was filed. The doctrine of these decisions controls the court in its action on the present motion. The motion is sustained.