**SPECKERT et al. v. GERMAN NAT. BANK.**

(Circuit Court of Appeals, Sixth Circuit. December 4, 1899.)

No. 676.

**REMOVAL OF CAUSES—RIGHT OF RECEIVER OF NATIONAL BANK—WHEN A VOLUNTARY PARTY.**

The receiver of a national bank is a proper, but not a necessary, party to an action against the bank pending in a state court at the time of his appointment, and while he may properly be admitted as a party, on his application, to defend in behalf of his trust, such admission does not give him the right to remove the cause to a federal court. The right of removal given him by the federal statutes applies only to cases where he is a necessary party to the action.[1]

Appeal from the Circuit Court of the United States for the District of Kentucky.

[1] As to suits by and against receivers of federal courts, see note to Plow Works v. Finks, 26 C. C. A. 49.

John L. Dodd, for appellants.
A. P. Humphrey, for appellee.
Before TAFT, LURTON, and DAY, Circuit Judges.

DAY, Circuit Judge. On April 4, 1894, the appellants commenced this action in the Jefferson circuit court of Kentucky against the German National Bank and others. The bill alleged that the defendants had entered into a conspiracy to induce the complainants to subscribe to stock in the Louisville Deposit Bank, and, to that end, had made certain false and fraudulent representations in reference thereto. The Deposit Bank had become involved, and its assets had been diverted, as was alleged, to pay certain debts of one Moses Schwartz, who was charged as a co-conspirator with the German National Bank. On January 14, 1895, the answer of the German National Bank was filed. Proofs were taken, and the cause prepared for trial. In January, 1897, the German National Bank was put into the hands of a receiver, by order of the comptroller of currency. On June 28, 1897, the receiver filed an application to be made a party to this suit in the state court, which application was granted, and the receiver was duly made a party to the action. Thereupon the receiver filed a petition to remove the cause from the state court to the United States circuit court for the district of Kentucky. The state court made an order granting the petition and accepting the bond. October 4, 1897, on the filing of the transcript in the circuit court of the United States for the district of Kentucky (85 Fed. 12), plaintiffs moved to remand the case to the state court. On February 8, 1898, the court overruled this motion. Thereafter an amended bill of complaint was filed, which was demurred to by the German National Bank and the receiver. On October 3, 1898, the demurrer was sustained, and upon the 15th of the same month, plaintiffs having declined to plead further, the bill was dismissed.

Upon the appeal two questions are presented: Should the circuit court of the United States have maintained jurisdiction of the case? Second, should the demurrer to the bill as reformed have been sustained? We find it necessary to consider only the first of these questions. An elaborate and able argument has been made by counsel for appellees as to the rights of receivers of national banks to prosecute original actions in the federal courts, and to remove ca. es commenced against them from the state to the federal courts. We do not think it necessary to enter upon a consideration of the rights of receivers of national banks in such actions, and the only question presented of record which we deem it necessary to decide is whether a receiver, under the circumstances shown in this case, having been admitted as a party in the proceeding in the state court, has any right to remove the case. By the act of July 12, 1882 (22 Stat. 162, c. 290), cutting down the federal jurisdiction in cases where national banks are parties, it was provided as follows:

"That the jurisdiction for suits hereafter brought by or against any association established under any law providing for national banking associations, except suits between them and the United States, or its officers and agents, shall

be the same as and not other than the jurisdiction for suits by or against banks not organized under any law of the United States, which do, or might do, banking business where such national banking associations may be doing business when such suits may be begun."

In Bank v. Cooper, 120 U. S. 779, 7 Sup. Ct. 777, 30 L. Ed. 816, it was held by the supreme court that the act of 1882 prohibited the acquiring of federal jurisdiction by removal, as well as by original suit. See, also, Petri v. Bank, 142 U. S. 644, 12 Sup. Ct. 325, 35 L. Ed. 1144.

Section 4 of the act of March 3, 1887, re-enacted August 13, 1888 (25 Stat. 433, c. 866), provides:

"All national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between the individual citizens of the same state. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank."

The effect of the act of 1882 was to place national banks, for the purpose of the jurisdiction of the courts of the United States, upon the same footing as other banking institutions in the state wherein they are located, and to prevent the removal of cases to the federal courts by national banks because of their organization as federal corporations. National banks now have the same right to bring suit in the federal court that any citizen has, and the jurisdiction of the federal court is not enlarged in their favor, or right of removal granted to them in actions against them. It is conceded that the bank had no right to removal in this case. There is no diversity of citizenship or other grounds upon which removal could have been had by it. Had the receiver a better right of removal? In the case of Bank of Bethel v. Pahquioque Bank, 14 Wall. 384, 20 L. Ed. 840, it was held that a suit could be maintained by the creditor of a national bank in a state court, and that it might be prosecuted, after the failure of the bank, without making the receiver a party. In this case it is held that a creditor of a national bank may resort to a state court for an adjudication of his claim, and such adjudication is conclusive upon the receiver. In Denton v. Baker, 24 C. C. A. 476, 79 Fed. 189, it was held that, while the receiver of an insolvent national bank may interpose in a suit to enforce a claim against the bank, he is not necessarily a party to the suit; that a judgment in such suit, to which he is not a party, is binding upon the receiver, in the absence of fraud or collusion. In National Bank of Commonwealth v. Mechanics' Nat. Bank, 94 U. S. 437–440, 24 L. Ed. 176, it was held that claims against an insolvent bank, whose validity are established by a judgment in a court of competent jurisdiction, and claims that are proven to the satisfaction of the comptroller, stand upon the same footing. In that case a suit against the insolvent bank was sustained, although the receiver was not a party thereto. In Bank v. Colby, 21 Wall. 609, 22 L. Ed. 687, it was held in a suit against a national bank, where its

property had been attached at the suit of an individual creditor, that the receiver might intervene in order to discharge the attachment. In that case the corporation had been dissolved by decree of the district court of the United States, and it was held that, in view of that fact, the suit against the bank had abated.

We have therefore reached the conclusion, in the light of these authorities and the construction of the statutes applicable to this case by the supreme court of the United States, that the receiver, after his appointment, was a proper party to the action, and being vested with the property of the bank and required to look after its interests, with a view to the conservation and distribution of its assets, was properly admitted by the state court to defend the action brought against it. While this is true, he was in no sense a necessary party, and the action could have been prosecuted without his presence, and the judgment rendered in the action would have been conclusive against him as well as the bank. The question upon which the case turns, in our view, is, can a receiver, under the circumstances of this case, not being a necessary party to the action, but having been admitted to defend in the interest of his trust, remove the cause to the federal court? In view of the decisions of the supreme court in analogous cases, we are constrained to hold that he cannot. We have not been cited to any cases exactly in point in the supreme court, but find adjudications establishing the proposition that one who comes voluntarily into an action is subject to the disabilities of the parties already in the case as to the right of removal. In Cable v. Ellis, 110 U. S. 389, 4 Sup. Ct. 85, 28 L. Ed. 186, it was held, in a suit in equity involving title to real estate and priority of liens pending in a state court, where the highest court of the state had decided some of the points in controversy, and had remanded the case to the court below to have other issues determined, and where one who became interested in the property by grant from one of the parties to the suit had intervened to protect his rights at a time when the right of removal had expired as to all parties, that the intervention of such party was to be regarded as incidental to the original suit, and that he was subject to the disabilities resting on the party from whom he took title; and that, the right of removal having expired before he intervened, his right of removal was also barred. In Railway Co. v. Shirley, 111 U. S. 358, 4 Sup. Ct. 472, 28 L. Ed. 455; Cable v. Ellis, supra, was approved, and the court, speaking through Mr. Chief Justice Waite, said: "A substituted party comes into a suit subject to all the disabilities of him whose place he takes, so far as the right of removal is concerned." See, also, Jefferson v. Driver, 117 U. S. 272, 6 Sup. Ct. 729, 29 L. Ed. 897. It is urged in the argument by counsel for appellees that these are cases where a person voluntarily comes into the suit after the right of removal has expired, and, being substituted in the case, has no higher right than the original party to the suit. It is said that receivers of national banks have higher rights to stand upon than the bank itself. This may be true in some instances, yet in the present case we are not advised of any defense to the claim in question which the bank could not have made

as well as the receiver. The receiver succeeds to the interest of the bank, and his right to defend against this claim is no broader than that of the bank itself.

It is also true that, under the statutes of the United States as they now stand, the bank never had any right to the removal of the cause, and therefore the case is not precisely analogous to those cited, in which the supreme court has held that, the right of removal having expired in favor of the original party, the substituted party comes into the case subject to the disabilities of him whose place he takes. But the receiver comes into an action duly prosecuted in the court of the state, with all the necessary parties, to a final and conclusive judgment. His presence is voluntary, and not essential to a determination of the controversy. The conclusion that we reach is that the receiver, not coming into the cause as a necessary party, although properly admitted for the purpose of controlling the defense, the case involving property in which he was largely interested as a trustee, had no right of removal. The federal statutes, giving a receiver the right to remove, apply to cases where the receiver is a necessary party to the action, whether the suit is commenced against him originally or otherwise. This decision is in harmony with a case admittedly in all respects like the one under consideration, decided in the circuit court of appeals for the Eighth circuit. Bank v. Smith, 19 C. C. A. 42, 72 Fed. 568. The judgment of the circuit court is reversed, and the cause remanded, with directions to remand the same to the state court from whence it was removed, the receiver, out of the funds in his hands, to pay the costs in the circuit court and in this court.