KIDDER v. NORTHWESTERN MUT. LIFE INS. CO.

(Circuit Court, D. Indiana.   October 17, 1902.)

No. 10,109.

1. UNITED STATES COURTS—REMOVAL OF CAUSES—RIGHT OF INTERVENERS.
    Where, in an action to recover the proceeds of a check, petitioners attempted to intervene and claim the proceeds after the original defendant had lost the right to remove the cause to the federal courts by filing an answer and submitting itself to the jurisdiction of the state court, such interveners were not entitled to removal for the reason that they were not defendants, and, having connected themselves with the suit at the time it was not removable by the original defendant, they had no right of removal.

2. SAME—DECISION OF STATE COURT—EFFECT ON FEDERAL COURT.
    The circuit court of the United States has no power to review a decision of the state court denying intervention on a petition by the interveners to remove the cause; such decision, however erroneous, being binding on the federal court.

At Law.

McNutt & McNutt, for plaintiff.
Lucius B. Swift and Samuel R. Hamill, for defendant.

BAKER, District Judge.   This suit was commenced in the circuit court of Vigo county, Ind., on February 12, 1902.   It was an action at law to recover the contents of a check for $10,000 drawn by the defendant on the Wisconsin National Bank in favor of the plaintiff, which check had been dishonored by the bank refusing to accept or pay the same.   Pursuant to the statute of this state, the plaintiff, by indorsement on her complaint, fixed February 24, 1902, as the day upon which the defendant was required to appear and plead.   On February 25, 1902, the defendant entered its appearance, and filed its answer.   The answer admitted its liability upon the check, and then proceeded to set up at length that the First National Bank of Providence, the Mechanics' National Bank of Providence, the International Trust Company of Boston, the First National Bank of Hartford, the Girard National Bank of Philadelphia, the Union National Bank of Woonsocket, the Old National Bank of Providence, and the Merchants' National Bank of Providence had served notice upon it that they were the real equitable owners of the contents of the check, and that, if it permitted the check to be paid, it would do so at its peril. In consequence of this notice the defendant stopped the payment of the check.   The answer is in the nature of an interplea, offering to bring the amount of the check, with interest and costs, into court, and asking that the above-named corporations be substituted as defendants, and that it be dismissed out of the suit.   It was such an answer and interplea as entitled the defendant to the relief prayed for, but the state court denied it.   On March 27, 1902, the above-named banks and trust company filed their joint petition of intervention to be made parties defendant, setting up their interest in the

contents of the check. Their petition of intervention presented a state of facts entitling them to be made parties defendant. The state court, however, denied their petition, and refused to permit them to become defendants. At the time of the filing of their petition of intervention, they filed a petition and bond for the removal of the cause into this court. The petition and bond are formal, setting up every fact necessary to a removal. The court overruled the petition, and refused to surrender jurisdiction of the cause. The interveners, however, procured a transcript of the proceedings and papers in the state court, and have docketed the cause here as one properly removed. The plaintiff now moves the court to remand on the ground that the cause is not a removable one.

The complaint avers that the plaintiff is a citizen and resident of the state of Indiana, and that the defendant is an insurance company organized and carrying on business under the laws of the state of Wisconsin, and that the amount in controversy is the contents of a $10,000 check. The cause was, therefore, removable if the defendant had seasonably chosen to exercise its right. It did not do so, but answered, and submitted itself to the jurisdiction of the state court; and on March 27, 1902, when the interveners filed their petition of intervention, the defendant, the Northwestern Mutual Life Insurance Company, had ceased to have any right of removal. In this posture of the case the interveners had no right of removal.

1. They were not parties defendant. The statute does not authorize the removal of a suit by any one except "the defendant or defendants therein." It makes no provision for removal at the instance of persons who may be pecuniarily interested in the subject-matter in controversy. It makes no provision for compelling or allowing other parties to be impleaded or substituted as defendants, and thereby make a removable cause out of one which was previously not removable. The interveners, however, contend, on the authority of Snow v. Railroad Co. (C. C.) 16 Fed. 1, Hack v. Railway Co. (C. C.) 23 Fed. 356, and American Nat. Bank v. National Benefit & Casualty Co. (C. C.) 70 Fed. 420, that, the state court having wrongfully denied their right to intervene and become defendants, they should, for the purposes of removal, be deemed to be defendants. These cases, in so far as they tend to sustain this contention, are, in my opinion, erroneous, and ought not to be regarded as controlling. The state court had jurisdiction of the petition of intervention and of the parties, and its decision denying the right of intervention, however erroneous, is binding and conclusive on this court. It cannot, for the purpose of giving the interveners a standing as defendants, be treated as a nullity by a court of co-ordinate jurisdiction. The circuit courts of the United States are not, by the removal act, constituted courts of review, with authority to reverse or hold for naught the decisions of the state courts on questions of who are entitled to intervene in suits pending therein. It cannot be successfully maintained, when a state court has refused to permit a person to become a defendant, that he is a defendant because he ought to have been made one. These cases are in sharp conflict with the doc-

trine announced by the supreme court in Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49, and Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 695. These cases hold that, where a petition of intervention has been filed, but not granted, the interveners are not parties to the suit, and have no right of appeal. In the first of these cases the supreme court, speaking through Chief Justice Waite, after reviewing a number of decisions, say:

"From this it is apparent that, if one wishes to intervene and become a party to a suit in which he is interested, he must not only petition the court to that effect, but his petition must be granted; and, while it is not necessary for him to show that he has actually been admitted by an express order entered upon the record, he must at least make it appear that he has acted, or has been treated, as a party."

In the last case above cited, Guion's petition of intervention had been denied, and an appeal had been allowed him by the lower court. In sustaining a motion to dismiss the appeal, the supreme court said:

"We decided in Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49, that such an appeal could not be taken. He had applied for leave to become a party, but this leave was not given. So he is not a party to the decree."

The interveners are not parties to the suit, and so they cannot remove it.

2. But, if the interveners are to be deemed parties defendant for the purposes of a removal because the court wrongfully denied their petition of intervention, the cause would still have to be remanded. When the petition of intervention was filed, the defendant, the Northwestern Mutual Life Insurance Company, had ceased to have any right to a removal. By connecting themselves voluntarily with a suit at the time not removable, the interveners subjected themselves to the disability of the Northwestern Mutual Life Insurance Company in respect to a removal. Where the defendant in an action pending in a court of the state has no right of removal, interveners, by voluntarily coming in as defendants, cannot make the cause a removable one. Jefferson v. Driver, 117 U. S. 272, 274, 275, 6 Sup. Ct. 729, 29 L. Ed. 897; Cable v. Ellis, 110 U. S. 389, 4 Sup. Ct. 85, 28 L. Ed. 186; Railway Co. v. Shirley, 111 U. S. 358, 4 Sup. Ct. 472, 28 L. Ed. 455; Speckart v. Bank, 38 C. C. A. 682, 98 Fed. 151; Bank v. Schuster, 29 C. C. A. 649, 86 Fed. 161, 52 U. S. App. 612; Wagon Works v. Benedict, 14 C. C. A. 285, 67 Fed. 1, 32 U. S. App. 116; Commutation Co. v. U. S., 177 U. S. 311, 20 Sup. Ct. 636, 44 L. Ed. 782.

For these reasons the cause must be remanded. So ordered.