### NASH et al. v. McNAMARA et al.

(Circuit Court, D. Nevada. May 7, 1906.)

#### No. 835.

1. REMOVAL OF CAUSES—MOTION TO REMAND—DOUBTFUL JURISDICTION.

Where the jurisdiction of the federal court of a cause removed from a state court is doubtful, while the jurisdiction of the state court is unquestionable, the proper course is to remand the case.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 220.]

2. SAME—PARTIES ENTITLED TO REMOVE—PLAINTIFFS IN INTEREST.

Parties brought into an action in a state court by a cross-complaint alleging that they claim an interest in the property involved, and who appear and file a complaint setting up that they have succeeded to the interest of the plaintiffs, and alleging substantially the same cause of action against defendants upon which the original complaint was based, must be treated as plaintiffs, taking the place and rights of the original plaintiffs, and have no standing as defendants to remove the cause.

On Motion to Remand to State Court.

Campbell, Metson & Brown, James A. MacKenzie, Key Pittman, and George A. Bartlett, for plaintiffs.

William Forman, B. G. Wilson, A. R. Needles, and L. A. Gibbons, for defendants.

HAWLEY, District Judge (orally). The petition for removal in this case is on behalf of the Manhattan-Dexter Mining Company of Nevada, a corporation, and the Manhattan-Union Mining Company, a corporation. Both of said corporations were organized and existing under the laws of the state of South Dakota, and are therefore citizens and residents of said state. Many of the questions discussed by counsel are complicated in their nature and character; and it is questionable, to say the least, whether the views expressed by counsel for the plaintiffs in the court below, who petitioned the state court for a removal of the case—even if it could be held that they should

be treated as defendants—can be sustained. The petition for removal is in many respects admitted to be defective. Taking the lengthy statement of facts prepared by the defendants, which is admitted to be substantially correct, the court would perhaps be justified in disposing of the motion by simply stating that after a very thorough and careful examination of the entire record from the state court, it has grave doubts whether this court has jurisdiction to hear and determine this case.

In Kessinger v. Vannatta (C. C.) 27 Fed. 890, the court said:

"It is the constant practice of this court to remand causes brought here from the state courts in cases of doubtful jurisdiction. The reason of this practice is obvious and conclusive. In the first place the jurisdiction of the state court is unquestionable. It is, at least, concurrent with this court. But the jurisdiction of this court depends upon special facts, and it is in the present case, to say the least, doubtful. It is the safer and wiser course to send a cause for trial to a court of unquestionable jurisdiction, rather than retain it here, and go through all the forms of trial, when the jurisdiction is doubtful." Fitzgerald v. Missouri P. Ry. Co. (C. C.) 45 Fed. 812, 820; Hutcheson v. Bigbee (C. C.) 56 Fed. 329; Concord Coal Co. v. Haley (C. C.) 76 Fed. 882; Johnson v. Wells Fargo & Co. (C. C.) 98 Fed. 3, 8; Plant v. Harrison (C. C.) 101 Fed. 307; McKown v. Kansas & T. Coal Co. (C. C.) 105 Fed. 657; Groel v. United Electric Co. (C. C.) 132 Fed. 253, 265; Dodd v. Louisville B. Co. (C. C.) 130 Fed. 186, 198.

In Ernst v. American S. M. Co. (C. C.) 114 Fed. 981, the court said:

"It is a doubtful question whether or not there is a separable controversy. That being so, the proper course is to remand the case."

But I shall not dispose of the case on this ground alone. The petition is sui generis. No case like it has ever before been presented to this court. The original suit brought by the individual plaintiffs against the defendants could not have been brought in this court because, for all that appears in the petition and record from the state court, all of the parties plaintiffs and defendants were citizens and residents of the state of Nevada. The rule is well settled that a suit cannot be removed on the ground of diverse citizenship unless the requisite citizenship existed both when the suit was begun and when the petition for removal was filed. The defendants in their amended answer and cross-complaint to the original complaint alleged that the corporations—who are petitioners for removal—were "and each of them is a party necessary and proper to be joined as either plaintiffs or defendants in this suit." After proceedings had in the state court they were brought in and claimed that they had bought the interests of the original plaintiffs, stood in their shoes, and were the sole owners of the mining ground in controversy. They filed a regular complaint against the defendants, based substantially upon the same grounds as were set forth by the original plaintiffs; and after filing their complaint and submitting themselves to the jurisdiction of the state court, they petitioned for a removal of the case to this court upon the ground of diverse citizenship, alleging that they were citizens and residents of South Dakota, and that the defendants were residents and citizens

of the state of Nevada, and further averred in their petition for removal—

"That this suit is, one in which there can be a final determination of the controversy between them and said defendants, without the presence of any other parties in the cause, the plaintiffs A. D. Nash, A. G. Raycraft, T. L. Oddie, and E. Sutro being now mere nominal parties whose interest, if they have any, is identical with that of your petitioners, between whom and said defendants there is now involved in this suit one sole and separable controversy."

The right of removal exists only on behalf of a defendant. No question can be made that the interest of the petitioners is adverse to the defendants, and that by their complaint they assigned themselves (where this court would have to assign them) on the side of the original plaintiffs. They must be treated as plaintiffs. I am unwilling to say, under all the facts and circumstances of this case, that they had a right as plaintiffs to remove the cause to this court. They were brought into the suit because they claimed some interest in the property. This proceeding was merely ancillary to the suit then pending. By claiming the property they connected themselves with the suit, subject to the disabilities of the other parties plaintiff in respect to a removal at the time they came in. This is true whether they voluntarily appeared and asked to be substituted or were brought in by the averments of the defendants' answer. Their status as to the right of removal is not changed. Cable v. Ellis, 110 U. S. 389, 398, 4 Sup. Ct. 85, 28 L. Ed. 186; Houston & Texas Ry. Co. v. Shirley, 111 U. S. 358, 360, 4 Sup. Ct. 472, 28, L. Ed. 455; Jefferson v. Driver, 117 U. S. 272, 274, 6 Sup. Ct. 729, 29 L. Ed. 897; Farmers' & Merchants' Nat. Bank v. Schuster, 86 Fed. 161, 165, 156, 29 C. C. A. 649; Speckert v. German Nat. Bank, 98 Fed. 151, 154, 38 C. C. A. 682.

In Cable v. Ellis, supra, the court, discussing the right of Cable to remove the suit, said:

"He took his place by intervention in the suit subject to all the disabilities that rested at the time on the party in whose stead he is to act. If his application to have his rights in respect to the improvements he has put on the property settled in this suit can be entertained at all, it will be only as an incident to the original controversy, and whatever would bar a removal of suit before he intervened will bar him afterwards, even though by his intervention he may have raised a separate controversy."

In Houston & Texas Ry. Co. v. Shirley, supra, the court said:

"We think the Circuit Court was clearly right in sending the case back to the state court. * * * The proceeding to bring in the trustees of the sold-out company was not the commencement of a new suit; but the continuation of the old one. The trustees were nothing more than the legal representatives of the company that had been sold out, and took its place on the record as a party. The suit remained the same, but with the name of one of the parties changed."

In Jefferson v. Driver, supra, the court, with reference to the right of Jefferson to remove the case, said:

"He was brought into the suit as a purchaser pendente lite, and the relief asked against him is only an incident to the original controversy. The proceeding is merely ancillary to the suit pending when he bought the property in dispute, and under which he got possession. It is, in short, only a part of

the machinery in the administration of the cause. By purchasing pendente lite he connected himself with the suit, subject to the disabilities of the other parties in respect to a removal at the time he came in."

Let an order be entered remanding the cause to the state court from which it came.