## NEELY et al. v. PLANTERS' NAT. BANK OF CLARKSDALE, MISS.

District Court, N. D. Mississippi, Delta Division.
March 31, 1931.

Maynard, FitzGerald & Venable, of Clarksdale, Miss., for plaintiffs.

Brewer & Brewer and Roberson & Cook, all of Clarksdale, Miss., for defendant.

HOLMES, District Judge.

The plaintiffs, on motion, are seeking to remand to the chancery court of Coahoma county, Miss., from whence it was removed, this suit in equity to set aside as fraudulent a conveyance to the defendant of certain real estate situated in said county. The bill was filed by judgment creditors of the grantor in the alleged fraudulent conveyance against the Planters' National Bank of Clarksdale, Miss., and not only seeks to set aside the transfer, but asks for a personal decree against the alleged fraudulent grantee, and for a lien to be declared upon the property so conveyed. There is also a prayer for general relief.

The suit was instituted and service had only a few hours after the bank had closed its doors and suspended business on account of insolvency, but while its officers were still in charge of its assets. About three weeks later, A. F. Rawlins was legally appointed receiver for said institution by the Comptroller of the Currency of the United States, and, having duly qualified under the appointment, is now acting in that capacity, having taken possession of all the assets of the bank.

Within the time required by the removal statutes, without being or becoming a party defendant in the state court, the said receiver, after giving notice of an intention so to do,

filed a petition and bond to remove the cause to this court, and an order of removal was formally made by the chancery court of the state. As soon as the record was filed here the plaintiffs made a motion to remand.

The petition to remove is in the name of the bank. It begins: "Your petitioner, Planters National Bank, of Clarksdale, Mississippi, by and through its receiver, A. F. Rawlins, specially appearing for the sole and single purpose of presenting this motion." And then proceeds to allege as grounds of removal (1) that the plaintiffs are citizens of the state of Mississippi, and the receiver, Rawlins, is a citizen of the state of Arkansas; (2) that this is a case for winding up the affairs of a National Banking Association. It concludes: "Planters National Bank, Clarksdale, Mississippi, by A. F. Rawlins, its receiver."

No question of the authority of the receiver to file the petition to remove is raised by the officers of the bank, whose attorney appeared at the hearing and resisted the motion to remand, and, as the right of removal will be determined upon other grounds, nothing is decided with reference thereto.

■ The suit is not against Rawlins, the nonresident, either individually or as receiver, but is against the bank in its corporate capacity. Therefore, there is no diversity of citizenship which would entitle the cause to be removed.

■ The mere fact that a National Banking Association is established under the laws of the United States is not a ground of removal. For jurisdictional purposes a national bank is deemed a citizen of the state in which it is located. Judicial Code § 24, par. 16 (28 USCA § 41 (16). Wichita National Bank v. Smith (C. C. A.) 72 F. 568; Petri v. Bank, 142 U. S. 644, 12 S. Ct. 325, 35 L. Ed. 1144; Burnham v. Bank (C. C. A.) 53 F. 163.

■ If the action of the receiver in entering the state court to remove for the bank be construed as a voluntary appearance and intervention by him as a defendant, in which that court acquiesced by granting the order of removal, there is still no diversity of citizenship which would confer jurisdiction on this court because an intervening defendant or a substituted party comes into the suit subject to all the disabilities of the original defendant so far as the right of removal is concerned. Cable v. Ellis, 110 U. S. 389, 4 S. Ct. 85, 28 L. Ed. 186; Houston & T. C. Railway Co. v. Shirley, 111 U. S. 358, 4 S.

Ct. 472, 28 L. Ed. 455; Jefferson v. Driver, 117 U. S. 272, 6 S. Ct. 729, 29 L. Ed. 897.

■ The second ground relied upon by the receiver to support jurisdiction here is that this is a case for winding up the affairs of a National Banking Association within the meaning of par. 16, § 24, of the Judicial Code (28 USCA § 41 (16).

An action brought against the receiver of a national bank, or against the bank and the receiver jointly, is a case for the winding up of the affairs of a National Banking Association, and is removable. International Trust Co. v. Weeks, 203 U. S. 364, 27 S. Ct. 69, 51 L. Ed. 224; Studebaker Corporation v. First National Bank (D. C.) 10 F.(2d) 590; Larabee Flour Mills v. First National Bank (C. C. A.) 13 F.(2d) 330; Moulton v. National Farmers' Bank (D. C.) 27 F.(2d) 403; Id. (C. C. A.) 31 F.(2d) 1018; Guarantee Co. v. Hanway (C. C. A.) 104 F. 369.

But, as has been shown, this suit was brought against the bank alone before the receiver was appointed, and was pending at the time of his appointment. The latter may properly be made or become a party, but his presence is not indispensable to a continuation of the suit. While he may be admitted as a defendant, on his own application, to defend in behalf of his trust, such admission does not give him the right to remove to the federal court. Denton v. Baker (C. C. A.) 79 F. 189. Speckert et al. v. German National Bank (C. C. A.) 98 F. 151.

■ Since a National Bank does not lose its corporate existence upon the appointment of a receiver, a creditor of such bank has the right to sue it in the state court without joining the receiver, and such action is not removable. Moulton v. National Farmers' Bank (D. C.) 27 F.(2d) 403; Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. Ed. 840; Earle v. Pennsylvania, 178 U. S. 449, 20 S. Ct. 915, 44 L. Ed. 1146.

The appointment of the receiver after the filing of the suit against the bank, and the subsequent assumption of custody by him of all of its assets, with statutory duties to perform in reference thereto, did not confer jurisdiction on this court and make the cause removable, since the suit as filed by the plaintiffs was not a controversy between citizens of different states or a case for winding up the affairs of a national bank, and no other federal jurisdictional ground appears.

The motion to remand should be sustained, and it may be so ordered.