Harold M. OSTER and Donald U. Emmert, Plaintiffs,

v.

Stella RUBINSTEIN and Edward J. Ennis, as Executors of the Last Will and Testament of Serge Rubinstein, Deceased, Defendants.

United States District Court
S. D. New York.
Nov. 29, 1955.

Parnell J. T. Callahan, New York City, for plaintiffs.

Edwin B. Wolchok, New York City, for defendants.

EDELSTEIN, District Judge.

This is a motion to dismiss under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground of the absence of diversity of citizenship. The action was commenced against Serge Rubinstein and, after his death, his executors were substituted in his place, under Rule 25(a) (1). It is not questioned that there is a complete diversity of citizenship between the present plaintiffs and the present defendants which would support an original suit. However, it is argued that the complaint is jurisdictionally defective in its averment of alienage; that alienage jurisdiction did not in fact exist because the original plaintiff was a stateless person; and that the substitution of the defendant's executors may not serve to supply jurisdiction based upon diversity of citizenship.

■ Jurisdiction is averred in the complaint as follows: "Jurisdiction is founded on diversity of citizenship and amount. Plaintiffs * * * are citizens of the State of Texas, and on information and belief, defendant is an alien national and resides in the State of New York. * * *" The characterization of the defendant as an alien national with residence in the State of New York is an inadequate averment of alienage jurisdiction. The absence of a positive averment of Rubinstein's citizenship renders the complaint jurisdictionally defective. Blair Holdings Corp. v. Rubinstein, 122 F.Supp. 602, and cases cited at page 603.

■ The next question is whether that defect has been remedied by the substitution of Rubinstein's executors, between whom and the plaintiffs there is diversity of citizenship. It has been consistently held, in cases of alienage and diversity of citizenship, that the test of the jurisdiction is the citizenship of the indispensable parties at the time when suit was commenced. Mullen v. Torrance, 9 Wheat. 537, 22 U.S. 537, 6 L.Ed. 154; Conolly v. Taylor, 2 Pet. 556, 27 U.S. 556, 7 L.Ed. 518; Clarke v. Mathewson, 12 Pet. 164, 37 U.S. 164, 9 L.Ed. 1041; Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93; Sanders v. Hall, 10 Cir., 74 F.2d 399, 405, and cases there cited. Thus, in a suit properly begun in the federal court, the change of citizenship of a party does not oust the jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845. Similarly, where an action has been commenced by a citizen of one state against a co-citizen, the removal of the residence and citizenship of one of the parties to another state will not confer jurisdiction. Lyons v. Weltmer, 4 Cir., 174 F.2d 473.

■ It would seem to follow that diversity jurisdiction absent at the commencement of a suit cannot be supplied subsequently by substitution. The only suggestion to the contrary appears, at first blush, from a reading of Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95. In that case a new plaintiff was permitted to come in and take over a case where none of the original plaintiffs had claims within the jurisdictional amount. Upon analysis, however, a fundamental distinction is seen. In the Hackner case, the problem was essentially one of amendment, or the institution of a new action; while in the case at bar, the problem is one of substitution, involving merely the continuance of the original action. See Taylor v. Crain, D.C., 125 F.Supp. 314; Commercial Solvents Corp. v. Jasspon, D.C., 92 F.Supp. 20, 25–26; Plimpton v. Mattakeunk Cabin Colony, D.C., 6 F.Supp. 72, 78. See also, 4 Moore's Federal Practice 512, 2d ed. As with the old bill of revivor, substitution under Rule 25 introduces no new matters for controversy and adjustment; it only furnishes the means for decision of those already before the court, and the citizenship of the executors has no connection with the case, the matters being litigated in the same manner as if the original defendant were alive. Clarke v. Mathewson, supra. Hence, a party who comes into a case as a substitute for an original party cannot exercise the right of removal, regardless of his citizenship, if the original party could not have removed the case. Jefferson v. Driver, 117 U.S. 272, 6 S.Ct. 729, 29 L.Ed. 897; Houston & Texas Cent. R. Co. v. Shirley, 111 U.S. 358, 4 S.Ct. 472, 28 L.Ed. 455; Burnham v. First Nat. Bank of Leoti, 8 Cir., 53 F. 163; Richmond & D. R. Co. v. Findley, C.C., 32 F. 641. And I conclude that diversity of citizenship jurisdiction may not be conferred upon the court by means of a substitution of parties.

Federal jurisdiction in this case can be invoked only on the basis of the original defendant's citizenship. Judge Bicks recently held in another case [1] involving Rubinstein that he was a stateless person and therefore not subject to the alienage jurisdiction of this court. The factual finding of Rubinstein's state-

---

1. Blair Holdings Corporation v. Rubinstein, D.C., 133 F.Supp. 496.

lessness is not technically binding on these plaintiffs and they are free to attempt to establish his alien citizenship if they desire, although such an attempt would appear at this time to be highly impractical. Accordingly, the complaint will be dismissed, unless within thirty days the plaintiffs indicate their intention to establish the alien citizenship of Rubenstein. The defendants' motion to vacate a notice to take depositions will be held in abeyance pending the entry of an order on the motion to dismiss.