WELLS FARGO BANK TEXAS, N.A., Bank of America, N.A., Bank One, N.A., the Chase Manhattan Bank, and Comerica Bank–Texas,

v.

Randall S. JAMES, in his official capacity as Texas Banking Commissioner.

No. CIV. A–01–CA–538 JN.

United States District Court, W.D. Texas, Austin Division.

Dec. 3, 2001.

Thomas T. Rogers, Jackson Walker L.L.P., Austin, TX, Keith A. Noreika, E. Edward Bruce, Stuart C. Stock, Covington and Burling, Washington, DC, for plaintiffs.

David Mattax, Assistant Attorney General, Finance Division, Christopher D. Livingston, Office of the Attorney General, Austin, TX, for defendant.

## ORDER

NOWLIN, Chief Judge.

Before the Court is Plaintiffs' Motion for Summary Judgment (Doc. No. 29) and Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. No. 44). Based on these documents, the applicable legal authority and the entire case file, the Court enters the following Order.

### FACTUAL BACKGROUND

Plaintiff Banks challenge Texas Business and Commerce Code § 4.112,[1] which came into effect September 1, 2001[2], asserting that the Texas statute is preempted by the National Bank Act, 12 U.S.C. § 21 *et seq.*, and 12 C.F.R. § 7.4002(a). The Texas law would prohibit a bank from charging fees to non-account holders for

---

1. Section 4.112 of the Texas Business and Commerce Code provides:
   PAYMENT OF CHECK AT PAR
   (a) Except as otherwise provided by Chapter 3 or this Chapter, a payor bank shall pay a check drawn on it against an account with a sufficient balance at par value without regard to whether the payee holds an account at the bank.
   (b) This section does not prohibit a bank from requiring commercially reasonable verification of the payee's identity before settlement of the check.

   (c) In addition to any remedy provided by law, the banking commissioner, in coordination with the Finance Commission of Texas, shall ensure that payor banks comply with the requirements of this section.

2. Although this law was scheduled to come into force on September 1, 2001, no actions have been taken to enforce it due to this Court's preliminary injunction issued on August 30, 2001.

cashing checks drawn on that bank. The policy consideration behind the statute is to protect employees by ensuring they receive full value when cashing their payroll checks at the bank upon which the checks were drawn. On August 31, 2001, this Court entered a written preliminary injunction in this case (Doc. No. 28) that reflected the ruling made from the bench following oral arguments held the previous day.

### ANALYSIS

"Summary judgment is appropriate where the only issue before the court is a pure question of law." *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir.1991). In this case, the only issues to be resolved by this Court are whether § 4.112 is preempted by federal law and whether § 4.112 is severable so that it can be applied only to Texas chartered banks. Both issues are pure questions of law, and therefore the Court finds that summary judgment is proper.

The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a *likelihood* of success on the merits for a preliminary injunction, but *actual* success on the merits for a permanent injunction. *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). The remaining elements are a substantial threat of irreparable harm if the relief is not granted, that granting injunctive relief will not result in even greater harm to the other party, and that granting relief will be in the public interest. *United Offshore Co. v. Southern Deepwater Pipeline*, 899 F.2d 405, 407–08 (5th Cir.1990).

■ The Court finds that the Plaintiffs have succeeded on the merits of their claim. The National Bank Act provides a broad power to national banks [3] "[t]o exercise * * * all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidence of debt . . . ." 12 U.S.C. § 24(Seventh). A bank's authority to charge fees for these services is found in 12 C.F.R. § 7.4002(a) which expressly provides that a "national bank may charge its customers non-interest charges and fees, including deposit account service charges."

■ The Office of the Comptroller of the Currency ("OCC") is the agency responsible for interpreting the National Bank Act and administering the national bank charter, including determining the scope of permissible national bank activities. 12 U.S.C. §§ 1–216d. The OCC issued opinion letters to the national banks in this case concluding that the National Bank Act and 12 C.F.R. § 7.4002(a) permit national banks to charge fees to non-account holders for cashing checks drawn on the banks. (Pls.' Ex. I; J; K.). A federal agency like the OCC is afforded deference in the interpretation of the law under which it acts, and even greater deference in its interpretations of its own regulations, *see United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 2173 n. 13, 150 L.Ed.2d 292 (2001) (the OCC's ruling and interpretive letters are entitled to full *Chevron* deference); *Christensen v. Harris County*, 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) ("an agency's interpretation of its own regulation is entitled to deference"). The Court finds that the OCC's interpretation that federal banking laws permit banks to charge fees

---

**3.** The parties do not dispute that while the National Bank Act on its face only applies to national banks, its provisions are applicable to Texas branches of out-of-state banks and Texas-chartered banks through other various federal and state laws.

to non-account holders for cashing checks, as stated in 12 C.F.R. § 7.4002(a) is not unreasonable and thus cannot be upset by this Court. Therefore, Plaintiffs have succeeded in their claim that the Texas statute is in direct conflict with the National Bank Act and therefore preempted.

The Court finds that Plaintiffs will suffer irreparable harm if injunctive relief is not granted. Further, the Court finds that the Plaintiff Banks' injuries outweigh any injury that the State of Texas, or the public, would face absent injunctive relief. Finally, the Court finds that an injunction will serve the public interest.

■ Finally, the Court finds that the permanent injunction should apply equally to national banks, out of state banks with branches in Texas, and Texas-chartered banks. The application of the injunction to the first two categories is clear based on federal law, and the parties do not dispute that matter. The application of the injunction to Texas-chartered banks is dependent on this Court holding that the portions of § 4.112 that are not preempted by federal law violate Article 16 of the Texas Constitution. The Texas Constitution states that "[a] state bank created by virtue of the power granted by this section, notwithstanding any other provision of this section, has the same rights and privileges that are or may be granted to national banks of the United States domiciled in this State." TEX. CONST. Art. 16 § 16(c). Applying § 4.112 to Texas-chartered banks, but not to national banks and out of state banks with branches in Texas would result in § 4.112 being a violation of Article 16 § 16(c) of the Texas Constitution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment (Doc. No. 29) is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Randall S. James, in his official capacity as Texas Banking Commissioner, and his agents, including the Attorney General of Texas, are hereby PERMANENTLY ENJOINED from enforcing, or taking any action to enforce, the provisions of Tex. Bus. & Com.Code Ann. § 4.112, or otherwise requiring Plaintiffs to comply with the provisions of § 4.112.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Texas Business and Commerce Code § 4.112 is preempted by the National Bank Act, 12 U.S.C. § 21 et seq., and the Federal Deposit Insurance Act, 12 U.S.C. § 1831a(j); and cannot be severed to apply only to Texas-chartered banks and therefore is DECLARED unenforceable, null and void.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this case is CLOSED and any pending motions are hereby DENIED AS MOOT.