**BANK OF AMERICA, N.A., Plaintiff,**

**v.**

**David G. SORRELL, in his official capacity as Acting Commissioner of the Georgia Department of Banking and Finance, Defendant.**

**Office of the Comptroller of
The Currency, Movant.**

**No. CIV.A.1:02–CV–1518–G.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 18, 2002.

J. Eric Rich, phv, Horace Geoffrey Sneed, phv, Office of the Comptroller of the Currency, Washington, DC, for Office of the Comptroller of the Currency.

Edward Bryan Krugman, Randi Engel Schnell, Bondurant Mixson & Elmore, Atlanta, GA, Keith A. Noreika, phv, E. Edward Bruce, phv, Covington & Burling, Washington, DC, for Bank of America, N.A., plaintiff.

John B. Ballard, Jr., Daniel M. Formby, Thurbert E. Baker, Oscar B. Fears, III, Office of State Attorney General, Atlanta, GA, Arthur E. Wilmarth, Jr., phv, George Washington University School of Law, Washington, DC, for David G. Sorrell, in his official capacity as Acting Commissioner of the Georgia Department of Banking and Finance, defendant.

## ORDER

G. ERNEST TIDWELL, Chief Judge.

The above-styled matter is presently before the court on:

(1) plaintiff's Motion for Summary Judgment [docket no. 9–1];

(2) plaintiff's Motion for Permanent Injunctive Relief [docket no. 9–2];

(3) movant Office of the Comptroller of the Currency's Motion for Leave to File Brief Amicus Curiae [docket no. 11].

## Background

Plaintiff Bank of America filed the instant action to challenge Georgia Code §§ 7–1–239.5 and 7–1–372, prohibiting plaintiff from charging fees to non-accountholders who cash checks drawn on plaintiff. Plaintiff contends the Georgia laws are preempted under Article VI of the Constitution as being in conflict with the National Bank Act, 12 U.S.C. § 21 *et seq.*, and 12 C.F.R. § 7.4002(a). On July 9, 2002, plaintiff filed a motion for summary judgment. Plaintiff also filed a motion for permanent injunctive relief to enjoin defendant from enforcing the code sections, implementing regulations, and any administrative regulations against plaintiff. On July 16, 2002, the Office of the Comptroller of the Currency ("OCC") submitted a motion for leave to file an amicus curiae brief. The motions are now ripe for consideration.

## Motion to File Amicus Curiae Brief

The OCC has submitted a Motion for Leave to File a Brief Amicus Curiae. The OCC is the federal agency within the United States Treasury Department responsible for administering the National Bank Act. *See NationsBank of North Carolina, N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 256, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995). Therefore, the OCC's motion for Leave to File a Brief Amicus Curiae [docket no. 11] is GRANTED. The court has reviewed the Amicus Curiae brief.

## Motion for Summary Judgment Standard

Courts should grant summary judgment when "there is no genuine issue as to any material fact … and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must "always bear the initial responsibility

of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden is "discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548; *see also U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991).

Once the movant has met this burden, the opposing party must then present evidence establishing that there is a genuine issue of material fact. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must go beyond the pleadings and submit evidence such as affidavits, depositions and admissions that are sufficient to demonstrate that if allowed to proceed to trial, a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If he does so, there is a genuine issue of fact that requires a trial. In making a determination of whether there is a material issue of fact, the evidence of the non-movant is to be believed and all justifiable inferences are to be-drawn in his favor. *Id.* at 255, 106 S.Ct. 2505; *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir.1987). However, an issue is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. 2505. Thus, to create a genuine issue of material fact for trial, the party opposing the summary judgment must come forward with specific evidence of every element essential to his case with respect to which (1) he has the burden of proof, and (2) the summary judgment movant has made a plausible showing of the absence of evidence of the necessary element. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

### *Facts*

In light of the foregoing standard, the court finds the following facts for the purpose of resolving plaintiff's motion for summary judgment only. Georgia Code § 7–1–239.5 states that

> No financial institution, savings bank, national bank, or state or federal credit union or savings and loan association may charge any fee of any kind to a person or corporation who does not have an account with that institution for cashing a check or other instrument which is payable to such person or corporation and is drawn on the account of another person or corporation with that institution.

O.C.G.A. § 7–1–239.5. Section 7–1–372 also provides that a "commercial bank shall pay all checks drawn on it at par and shall make no charge for the payment of such checks." O.C.G.A. § 7–1–372. Thus, these two statutes prevent a bank in Georgia from charging a fee to a non-account holder for cashing a check which is drawn on the bank.

Bank of America, a national bank with branches in Georgia, is organized and exists under the National Bank Act. Bank of America intends to charge a fee to "non-relationship customers" (non-accountholders) who cash a check drawn on Bank of America at Bank of America branches in Georgia.

### Discussion

■ The National Bank Act provides that national banks shall have the power "[t]o exercise ... all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidence of debt ...." 12 U.S.C. § 24(Seventh). In addition, federal regulations expressly provide that "a national bank may charge its customers non-interest charges and fees, including deposit account service charges." 12 C.F.R. § 7.4002(a). A "customer," in this context, is "any party that obtains a product or service from the bank." Opinion Letter from Julie L. Williams, First Senior Deputy Comptroller and Chief Counsel, Office of Comptroller of the Currency, Administrator of National Banks, to Joan H. Huffstutler, Associate General Counsel, Bank of America, 2 n. 6 (Aug. 17, 2001) ("OCC Letter").

■ The OCC is the federal agency responsible for interpreting the National Bank Act, including delineating the scope of acceptable national bank functions. *See* 12 U.S.C. §§ 1–216(d); *NationsBank,* 513 U.S. at 256–57, 115 S.Ct. 810. Courts should afford deference to an agency, like the OCC, that interprets the law under which it acts, especially when the agency interprets its own regulations. *See U.S. v. Mead Corp.,* 533 U.S. 218, 231 n. 13, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (quoting longstanding precedent that the OCC "is charged with the enforcement of banking laws to an extent that warrants the invocation of [the rule of deference] with respect to [the] deliberative conclusions as to the meaning of these laws"); *Christensen v. Harris County,* 529 U.S. 576, 587–88, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)(indicating that an agency's interpretation of its own regulation is also entitled to deference). In an August 17, 2001 opinion letter to Bank of America, the OCC concluded that "the Bank is authorized, under 12 U.S.C. § 24(Seventh) and 12 C.F.R. § 7.4002(a), to charge the non-relationship customer check cashing convenience fee." OCC Letter at 7. After reviewing the record, this court concludes that federal banking law permits banks to charge fees to non-accountholders for cashing checks drawn on that bank. *See Wells Fargo Bank Texas, N.A., v. James,* 184 F.Supp.2d 588, 590–91 (W.D.Tex.2001). As such, there exist no questions of fact that the Georgia statutes are in direct conflict with the National Bank Act, and therefore are preempted. Accordingly, Plaintiff's motion for summary judgment [docket no. 9–1] is GRANTED.

### Motion for Permanent Injunction

■ Plaintiff also has moved for a permanent injunction enjoining the defendant from enforcing the Georgia statutes. The standard for a permanent injunction is essentially the same as a preliminary injunction, except that the plaintiff must show actual success on the merits, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell, AK,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). The remaining elements are 1) that the movant will suffer irreparable injury unless injunction issues, 2) threatened injury to the movant outweighs possible injury injunction may cause the opposing party, and 3) an injunction will not disserve public interest. *See Cumulus Media, Inc. v. Clear Channel Communications, Inc.,* 304 F.3d 1167, 1171 n. 1 (11th Cir.2002).

As discussed above, plaintiff has succeeded on the merits of its claim. Plaintiff indicates it loses hundreds of thousands of dollars of revenue each month because it cannot collect the check-cashing fee; therefore, the court finds that plaintiff will suffer irreparable harm if injunctive relief

is not granted. Because the Georgia statutes are preempted by federal law, plaintiff is "entitled to injunctive relief no matter what the harm to the State, and the public interest will perforce be served by enjoining the enforcement of the invalid provision of state law," *Bank One, Utah v. Guttau,* 190 F.3d 844, 848 (8th Cir.1999) (enjoining enforcement of Iowa statutes restricting bank's operation of automated teller machines because of preemption by the National Bank Act); *see also Wells Fargo,* 184 F.Supp.2d at 591. Therefore, plaintiff's motion for Permanent Injunctive Relief [docket no. 9–2] is GRANTED. Defendant is hereby permanently enjoined from enforcing Georgia Code §§ 7–1–239.5 and 7–1–372 and any implementing regulations to the extent that such enforcement would prevent the plaintiff from charging fees to non-accountholders who cash checks drawn on plaintiff.

*Summary*

(1) plaintiff's Motion for Summary Judgment [docket no. 9–1] is GRANTED;

(2) plaintiff's Motion for Permanent Injunctive Relief [docket no. 9–2] is GRANTED. Defendant is hereby permanently enjoined from enforcing Georgia Code §§ 7–1–239.5 and 7–1–372 and any implementing regulations to the extent that such enforcement would prevent plaintiff from charging fees to non-accountholders who cash checks drawn on plaintiff;

(3) movant Office of the Comptroller of the Currency's Motion for Leave to File Brief Amicus Curiae [docket no. 11] is GRANTED.

## *JUDGMENT*

This action having come before the court, Honorable G. Ernest Tidwell, United States District Judge, for consideration of plaintiff's motions for summary judgment and for permanent injunctive relief, and the court having granted said motions, it is

**Ordered and Adjudged** that judgment is entered for the plaintiff for its costs of the action, and the defendant is permanently enjoined from enforcing Georgia Code § 7–1–239.5 and 7–1–372 and any implementing regulations to the extent that such enforcement would prevent plaintiff from charging fees to non-accountholders who cash checks drawn on plaintiff; and the action be, and the same hereby, is **dismissed.**