**Maxine M. TOLSON, Plaintiff,**

v.

**RETIREMENT COMMITTEE OF the BRIGGS & STRATTON RETIREMENT PLAN, et al., Defendants.**

No. 83–C–13.

United States District Court,
E.D. Wisconsin.

July 22, 1983.

Walsh & Nohr by William A. Nohr, Milwaukee, Wis., for plaintiff.

Quarles & Brady by David R. Cross, Peter W. Bunde, and Elwin J. Zarwell, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff's application for a disability retirement pension was denied by the defendant Briggs & Stratton retirement committee. The plaintiff brought an action in state court on a theory of common law breach of contract. The defendants removed the case to this court pursuant to 28 U.S.C. § 1441(a). The plaintiffs have now moved to have the action remanded to the state court. The motion will be denied.

The federal removal statute, 28 U.S.C. § 1441, permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction...." In removing this action, the defendants asserted that this court has original jurisdiction under § 502(e)(1) of the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e)(1), which provides:

"State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section."

Subsection (a)(1)(B) states:

"A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the

plan, or to clarify his rights to future benefits under the terms of the plan;"

The defendants argue that, the plaintiff's common law contract breach theory notwithstanding, this action is to recover benefits due her under the terms of her plan and, therefore, this court has jurisdiction. They argue that once the facts alleged reveal a federal question, the district court has jurisdiction regardless of whether the same facts allege an independent cause of action under state law.

The plaintiff concedes that the pension plan involved here is covered by ERISA but contends that she has not invoked ERISA, but rather an independent state law also covering denial of benefits. She argues that her decision to proceed under state law should be respected unless that law has been preempted by federal law. She goes on to assert that it has not been preempted.

■ The plaintiff's interpretation of the law is only partially correct. If there is an independent state right, she is entitled to rely upon it and have it vindicated in state court:

"Where plaintiff's claim gives rise to a cause of action under both a federal ground and a state ground 'plaintiff is entitled to ignore the federal question and pitch his claim on the state ground' .... Plaintiff is master of his claim and his choice of state, as opposed to federal law as the basis of his claim is to be respected." *Gardner v. Clark Oil & Refining Corp.,* 383 F.Supp. 151, 153 (E.D. Wis.1974).

The dispositive issue is whether the state law upon which the plaintiff relies has been pre-empted by ERISA. If it has, then there is no longer an independent state cause of action. Section 514(a) of ERISA, 29 U.S.C. § 1144(a), pre-empts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. The plaintiff seeks to avoid the plain meaning of this provision by asserting that it was intended to apply only in areas covered by the substantive provisions of ERISA, e.g., vesting, funding, insurance and fiduciary standards. The plaintiff points out that ERISA provides no rule of decision in a case such as this and that, therefore, there is no reason to pre-empt the state common law action.

The interpretation of the pre-emption provision which the plaintiff urges, was recently rejected by the United States Supreme Court in *Shaw v. Delta Air Lines,* —— U.S. ——, 103 S.Ct. 2890 at 2900–2901, 77 L.Ed.2d 490 (1983):

"Nor, given the legislative history, can § 514(a) be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like. The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that the section's pre-emptive scope was as broad as its language."

■ The benefits which the plaintiff seeks here are provided by an ERISA plan. The common law protection of contract rights clearly "relates to" an ERISA plan when the contract which has allegedly been breached is an ERISA plan. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw,* at ——, 103 S.Ct. at 2900. Nor does any exemption from the pre-emption provision apply to the plaintiff's cause of action. The state common law relied upon by the plaintiff, therefore, falls squarely within the category of state laws pre-empted by 29 U.S.C. § 1144(a).

The state cause of action brought by the plaintiff no longer exists, having been pre-empted by 29 U.S.C. § 1132(a)(1)(B). Since the facts alleged by the plaintiff in her complaint state a federal question under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1), I find that removal of this cause of action to the federal court is proper under 28 U.S.C. § 1144(a).

Therefore, IT IS ORDERED that the plaintiff's motion to remand to the state court be and hereby is denied.