**Doris L. SCLAFANI**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Civ. No. K–87–1139.

United States District Court, D. Maryland.

July 2, 1987.

Jim McCadden, Towson, Md., for plaintiff.

Matthew J. Kastantin, Rockville, Md., for defendant.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff filed a complaint in the Circuit Court for Baltimore City, Maryland on or about June 20, 1985 to recover benefits which defendant allegedly owes her as the beneficiary of an insurance policy. Plaintiff claims, in that pleading, that her

spouse was insured by his employer under a group insurance policy, that she was named as beneficiary under that policy, and that defendant has failed to pay plaintiff the appropriate benefits. Defendant subsequently filed in the Circuit Court for Baltimore City, Maryland a motion to dismiss plaintiff's claims on various bases, although defendant did not contend that any or all of plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* That Court subsequently granted in part and denied in part defendant's said motion.

Thereafter, on May 4, 1987, defendant removed the within action to this Court, contending that plaintiff's claims are preempted by ERISA, and therefore, arise under federal law. Plaintiff seeks a remand, on the ground that defendant's removal was not timely filed and that the insurance plan was not an employee benefit plan covered by the scope of ERISA. The latter issue need not be reached by this Court at this time.

Title 28, section 1446(b) provides that a petition for removal of a civil action shall be filed by the defendant within thirty days after defendant receives a copy of the initial pleading. That section also sets forth an exception to that rule: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

▆ It is undisputed that defendant failed to file a petition for removal following defendant's receipt of the initial pleading in this case, within the thirty day period after the defendant received a copy of plaintiff's complaint. Defendant contends that the removal was nonetheless timely because it removed the instant case within thirty days of the decisions in two Supreme Court cases, namely, *Pilot Life Insurance Company v. Dedeaux,* —— U.S. ——, ——, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987);

*Metropolitan Life Insurance Company v. Taylor,* —— U.S. ——, ——, 107 S.Ct. 1542, 1545, 95 L.Ed.2d 55 (1987). In *Metropolitan Life,* the Supreme Court expressly determined that an action brought in state court alleging state law claims which are preempted by ERISA is an action arising under the laws of the United States and is, therefore, removable. Defendant in the within case was not, however, precluded, before April 6, 1987, from claiming federal preemption of state law claims under ERISA is tantamount to those claims arising under federal law. Thus, if defendant had removed the within case to this Court within thirty days after defendant received plaintiff's complaint, defendant could have asserted the same argument upon which Metropolitan Life prevailed. *See Tolson v. Retirement Committee of Briggs & Stratton Retirement Plan,* 566 F.Supp. 1503, 1504 (E.D.Wis.1983); 14 C. Wright and A. Miller, Federal Practice and Procedure § 3722 at 242–43 (1985). *See e.g.,* the discussion in *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 24–25, 103 S.Ct. 2841, 2854–2855, 77 L.Ed.2d 420 (1983);

▆ It is also to be noted that the exception in § 1446(b) for the filing of a removal petition after the initial thirty day period has passed relates to defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." That provision "relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated; it does *not* include, as an 'order or other paper,' *a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court.*" *Avco Corporation (Lycoming Division) v. Local 1010 of the International Union (UAW AFL–CIO),* 287 F.Supp. 132 (D.Conn.1968), (Timbers, C.J., then a District Judge) (emphasis added).

Accordingly, this case will be remanded to the Circuit Court for Baltimore City, Maryland.