ANTON LEASING, INC., etc.

v.

Richard ENGRAM

v.

ANTON LEASING, INC.,
Phanton Leasing, Inc.

Civ. No. K–87–863.

United States District Court,
D. Maryland.

July 6, 1987.

Stanley P. Klein, Fairfax, Va., and Mark A. Binstock, Rockville, Md., for plaintiff and cross-defendant, Anton Leasing, Inc.

Richard Engram, defendant and cross-plaintiff pro se.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff originally instituted this case in the Circuit Court for Montgomery County, Maryland on April 25, 1986. Defendant, acting *pro se*, timely sought to remove that case under 28 U.S.C. section 1446 to the United States District Court for the Southern District of West Virginia. Judge Hallanan, sitting in that Court, remanded the case on August 29, 1986 to the Maryland state court in which it had been originally commenced because 28 U.S.C. section 1446 sanctions removal only to "the district court of the United States for the district and division within which such action is pending." Defendant has noted an appeal from that remand order to the United States Court of Appeals for the Fourth Circuit. That appeal is still pending.

On April 7, 1987, defendant removed the within action to this Court. Thereafter, plaintiff timely filed a motion to remand this case to the Circuit Court for Montgomery County, Maryland on the ground that defendant had not timely removed the action to this Court pursuant to 28 U.S.C. section 1446. Title 28, section 1446(b) requires that a petition for removal of a civil action shall be filed by the defendant within thirty days after defendant receives a copy of the initial pleading. That section also sets forth an exception to that rule: "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendant was served with a copy of the summons and complaint from the Circuit Court for Montgomery County, Maryland, on May 29, 1986. Defendant's petition for removal to this Court was not filed until long after thirty days from that date had passed. Accordingly, defendant did not remove the within case to this Court within

thirty days after receipt of plaintiff's complaint in this case. Nor did defendant file the removal petition to this Court within thirty days after defendant could have ascertained that defendant had a right to remove this case to this Court. That right of removal *to this Court* could have been ascertained by defendant when defendant received plaintiff's complaint, regardless of whether or not defendant did or did not appropriately remove the case to the United States District Court for the Southern District of West Virginia.

"The time limitations in section 1446 are mandatory and must be strictly construed." 14A C. Wright and A. Miller, Federal Practice and Procedure section 3732 at 527 (citing cases). That principle is applicable in any case. But in this case the failure timely to remove to this Court seemingly occurred solely because of steps chosen and taken by defendant. In so stating, this Court is in no way commenting upon the merits of the issues growing out of the remand order of the United States District Court for the Southern District of West Virginia which are the subject of the aforementioned pending appeal to the United States Court of Appeals for the Fourth Circuit. Herein this Court simply concludes that the removal to this Court is untimely.

The exception set forth in 28 U.S.C. section 1446(b), to the requirement that a removal petition be filed within thirty days after the defendant has been first served in the case, hinges upon a defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." That provision "relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated; it does not include, as an 'order or other paper,' a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court." *Avco Corporation (Lycoming Division) v. Local 1010 of the International Union (UAW AFL–CIO),* 287 F.Supp. 132 (D.Conn.1968), (Timbers, C.J., then a District Judge). *See Sclafani v. Insurance Company of North America,* 671 F.Supp. 364 (D.Md.1987). Herein, it is not necessary to determine whether Judge Hallanan's August 29, 1986 order, issued well after "the initial thirty day period" provided for in section 1446(b) had passed, constitutes "an order" or "other paper" within the exception provision of section 1446(b). That is so because, in any event, Judge Hallanan's order was not a document from which defendant was *first* able to ascertain that this case was removable to this Court. While defendant, acting *pro se,* is entitled to have this Court carefully consider any failure by him to exercise his rights, that does not mean that this Court can ignore the clear requirements of section 1446(b) which are designed to require removals to take place speedily so as not unduly to delay the pursuit by a plaintiff, such as the within plaintiff, of its rights under law.

Accordingly, this case will be remanded to the Circuit Court for Montgomery County, Maryland.