James R. HANCOCK, et al., Plaintiffs,

v.

BANK OF AMERICA, Defendant.

Civil Action No. 3:03CV–78–S.

United States District Court,
W.D. Kentucky.

July 15, 2003.

M. Scott Barrett, Dennis T. Trainor, Barrett & Associates, Chicago, IL, Donn H. Wray, Stewart & Irwin, Indianapolis,

IN, Leland L. Greene, Mineola, NY, Irvin D. Foley, David W. Gray, Foley, Bryant & Holloway, Louisville, KY, for plaintiffs.

Charles M. Pritchett, Jr., Frost Brown Todd LLC, Louisville, KY, Anthony Rollo, Stephen Rider, McGlinchey Stafford, PPLC, New Orleans, LA, Jeffrey Seewald, McGlinchey Stafford, PLLC, Houston, TX, for defendant.

## MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on motion of the plaintiffs, James R. Hancock, et al., to remand this action to the Jefferson County, Kentucky, Circuit Court. This is a proposed class action lawsuit challenging Bank of America's policy of charging a fax fee for faxing a loan payoff statement for mortgage loans it has serviced. The complaint alleges that the fee violates the provisions of the mortgage agreement and Kentucky law. The action was removed to this court under both federal question and diversity jurisdiction.

In removing the action, Bank of America ("BOA") claimed that because it is a national bank the National Bank Act completely preempts the plaintiffs' state law claims, and therefore federal question jurisdiction exists. It also claimed that the parties are completely diverse, as the named plaintiffs are Kentucky residents and BOA is a North Carolina association. It alleged that the amount in controversy exceeds $75,000.00.

The plaintiffs have moved to remand the action on the grounds that the National Bank Act does not preempt their claims and that the amount in controversy does not exceed $75,00.00 as to each member of the purported class.

For the reasons stated herein, we conclude that although the National Bank Act and regulations promulgated thereunder arguably address non-interest fees or charges which are incident to the servicing of a mortgage loan agreement, the provisions do not state a cause of action or federal remedy that evidence an intent by Congress to completely preempt the state law claims in this matter. We conclude, therefore, that removal was improper on the basis of the defense of preemption. We also conclude that there is no diversity jurisdiction over this matter. The action will therefore be remanded to the Jefferson Circuit Court.

## I.

The issue of preemption by the National Bank Act of claims concerning fees for mortgage loan servicing is a matter of first impression in this jurisdiction. The parties agree that the fax fee in issue is a non-interest fee or charge. They do not agree whether this fee is covered by the National Bank Act.

A mortgage loan was made to the named plaintiffs in this case by Preferred Financial & Mortgage, Inc., a local mortgage lender. BOA, a national bank, serviced the loan.[1] A fifteen dollar fax fee was charged by BOA for faxing a payoff statement to the borrowers.

BOA recited 28 U.S.C. § 1331, the National Bank Act, 12 U.S.C. § 21, *et seq.* and 12 CFR § 7.4002 as the basis for federal question jurisdiction, and removed. Notice of Removal, ¶ 2.[2] BOA did not designate a particular section or sections of the National Bank Act in support of its assertion that the Act completely preempts the

---

**1.** It is unclear whether BOA purchased the note or merely serviced it. However, the distinction is immaterial for purposes of this analysis.

**2.** The assertion of diversity jurisdiction will be addressed later in this opinion.

plaintiffs' claims, but rather referred to the Act generally. *Id.*

■ In its memorandum in opposition to the motion to remand, BOA cited a number of cases involving ATM and check cashing fees for the proposition that "federal law preempts state law claims involving fees and charges that fall within the purview of § 7.4002." Mem. in Opp., pg. 13. These cases were original actions. Therefore, they did not discuss how preemption would impact removal jurisdiction. Preemption and removal jurisdiction are separate but related inquiries when removal is based upon a defense of federal preemption.

In *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987), the United States Supreme Court stated that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue". See *Franchise Tax Board,* 463 U.S. at 12, 103 S.Ct. at 2847–2848.

■ BOA focuses, however, on the so-called "independent corollary" to the well-pleaded complaint rule as an exception which it contends allows for removal in this instance:

> There does exist, however, an "independent corollary" to the well-pleaded complaint rule, *id.,* at 22, 103 S.Ct., at 2853, known as the "complete pre-emption" doctrine. On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co., supra,* at 65, 107 S.Ct. at 1547. Once an area of state law has

been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc.,* 107 S.Ct. at 2430 (citations and footnote omitted).

Recently, two sections of the National Bank Act were found to completely preempt certain state law claims. In *Beneficial National Bank v. Anderson,* —— U.S. ——, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), the court addressed the removeability of state law usury claims on the ground of preemption by the Act. The court found that §§ 85 and 86 of the Act "create a federal remedy for overcharges that is exclusive, even when a state complainant ... relies entirely on state law. Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Id.* at 2064. The court reasoned that "[t]he same federal interest that protected national banks from the state taxation that Chief Justice Marshall characterized as the 'power to destroy,' *McCulloch v. Maryland,* 17 U.S. 316, 4 Wheat. 316, 431, 4 L.Ed. 579 (1819), supports the established interpretation of §§ 85 and 86 that gives those provisions the requisite pre-emptive force to provide removal jurisdiction." *Id.*

The same pre-emptive force does not exist with respect to the claims in this case. Sections 85 and 86 do not apply to the fax fee, a non-interest service fee, which is in question here. Rather, if the National Bank Act applies to the fax fees at all, it is through § 24(Seventh) of the Act.

■ Various service fees imposed by national banks have been found to be authorized under the incidental powers provision of 12 U.S.C. § 24 (Seventh). In *Bank of America v. City & County of San Francis-*

*co,* 309 F.3d 551 (9th Cir.2002), the Ninth Circuit Court of Appeals found the National Bank Act to be applicable to ATM fees charged by national banks to non-depositors.[3] In that case, the court found the National Bank Act to govern the collection of ATM fees by national banks from non-depositors. The court stated, in pertinent part,

> National Banks are "instrumentalit[ies] of the federal government, created for a public purpose, and ... subject to the paramount authority of the United States." [citation omitted] ... The National Bank Act of 1864 was enacted to protect national banks against intrusive regulation by the States ... To fulfill this Congressional purpose, the Supreme Court has "interpret[ed] grants of both enumerated and incidental 'powers' to national banks as grants of authority not normally limited by, but rather ordinarily preempting, contrary state law." [citations omitted]. Therefore, in determining the preemptive scope of federal statutes and regulations granting a power to national banks, the Supreme Court has adopted the view that "normally Congress would not want States to forbid, or to impair significantly, the exercise of a power that Congress explicitly granted." [citation omitted] ... The National Bank Act of 1864, 12 U.S.C. § 24 (Seventh), confers upon national banks the authority:

> To exercise ... all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; by receiving deposits; by buying and selling exchange, coin, and bullion; by loaning money on personal security; and by obtaining, issuing, and circulating notes ...

12 U.S.C. § 24 (Seventh). The "business of banking" is not limited to the powers enumerated in § 24 (Seventh). [citation omitted]. Therefore, the OCC "may authorize additional activities if encompassed by a reasonable interpretation of § 24 (Seventh)". [citation omitted] ... Incidental powers include activities that are "convenient or useful in connection with the performance of one of the bank's established activities pursuant to its express powers under the National Bank Act." [citations omitted].

*Bank of America,* 309 F.3d at 561–562. 12 C.F.R. § 7.4002(a) promulgated under § 24 (Seventh) authorizes national banks to collect "non-interest charges and fees" which reflect "sound business judgment and safe and sound banking principles," as defined in § 4002(b)(2). Section 24(Seventh) and regulation 7.4002(a) have been read together to preempt state claims challenging the imposition of ATM fees

---

**3.** The parties each place heavy emphasis on cases applying 12 U.S.C. § 85. *FDIC v. Lattimore Land Corp.,* 656 F.2d 139 (5th Cir.1981), cited by the plaintiff, involved a claim of usurious interest charges. The court in *Lattimore Land* determined that the interest rate and usury interest provisions (§§ 85 and 86) of the National Bank Act did not apply to a mortgage loan which originated with a local lender and was transferred to a national bank. The court's premise was that "a note, initially non-usurious, remains so. The non-usurious character of a note should not change when the note changes hands." By contrast, the case at bar involves the imposition of a non-interest fee. Both the rationale and holding of the *Lattimore Land* case are therefore inapplicable. We also find *Krispin v. May Department Stores Co.,* 218 F.3d 919 (8th Cir.2000) cited by the defendant to be inapplicable. *Krispin* involved the charging of late payment fees on credit card accounts, on its face, seemingly similar to the fax fee here. However, the court specifically found that "interest" included late payment fees. The court found the National Bank Act to apply, but through §§ 85 and 86 which do not apply to the non-interest fax fee with which we are concerned.

and check cashing fees. *see, i.e., City & County of San Francisco, supra., Wells Fargo Bank of Texas NA v. James,* 321 F.3d 488 (5th Cir.2003); *Bank of America NA v. Sorrell,* 248 F.Supp.2d 1196 (N.D.Ga.2002). However, we need not and do not decide whether state law claims concerning these fax fees are preempted, as we conclude that removal was improper, even assuming preemption of the claims. As we lack jurisdiction, the action must be remanded.

■ Preemption, if it does exist, does not necessarily equate with removeability. The Supreme Court found that complete preemption existed where Congress had created a federal remedy and effectively supplanted state law claims for usury against national banks. *Anderson,* 123 S.Ct. at 2064. The court then concluded that a claim for violation of usury laws against a national bank only arises under federal law, and therefore, such singularly federal claims were removable under § 1441. *Id.* The logic of the Supreme Court's analysis in *Anderson, supra.,* does not extend to § 24 (Seventh) as § 24 is nothing more than a broad enabling provision. It creates no remedy. Therefore, it t is not the sort of extraordinary provision found to convert and eliminate a state law cause of action.

Justice Scalia noted in dissent that removal permitted in the absence of a federal question on the face of the plaintiff's complaint is an exception to the well-pleaded complaint rule. This court has been shown no authority justifying the removal of this action under our federal question jurisdiction.

## II.

The plaintiffs have moved to remand the action on the grounds that the amount in controversy does not exceed $75,00.00 as to each member of the proposed class and that the National Bank Act does not preempt their claims.

The burden rests with Bank of America to establish by a preponderance of the evidence that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332; *See, Gafford v. General Electric Company,* 997 F.2d 150 (6th Cir. 1993)(where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or lesser than the federal amount in controversy requirement, the removing party must establish by a preponderance of the evidence that the case meets the amount in controversy requirement). The complaint seeks a refund to Hancock and others of a $15.00 fax fee charged for a mortgage loan payoff statement issued in connection with the servicing of a mortgage loan. It seeks injunctive relief to prohibit Bank of America from continuing its imposition of this fee, and punitive damages.

■ Multiple plaintiffs with separate and distinct claims must each satisfy the requirements of § 1332. Bank of America must therefore establish that the jurisdictional minimum is met with respect to each member of the proposed class. *Zahn v. International Paper Company,* 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973).

■ The plaintiffs have failed to establish that the jurisdictional limit has been met in this case with respect to each individual member of the proposed class. The $15.00 fee with even a substantial punitive damage award is unlikely to approach the $75,000.00 limit. This court does not accept the proposition suggested by the defendant that a punitive damage award must be attributed in its entirety to each proposed class member in determining the amount in controversy. To date, such is not the law of this circuit.

Further, such a rule would frustrate the purpose and application of the multiple plaintiff rule. This court is similarly unreceptive to the argument of Bank America that the jurisdictional limit is met because the injunctive relief sought would require it to suffer "lost fax fee income" which would quickly exceed $75,000.00 as the fee was fazed out over time. This argument, like defendant's argument concerning punitive damages, would permit circumvention of the rule against non-aggregation of damages, and is therefore not the favored approach. *See, Nelson v. Associates Financial Services Co. of Indiana, Inc.,* 79 F.Supp.2d 813, 818 (W.D.Mich.2000).

The court concludes that diversity jurisdiction in lacking in this case.

The court having concluded that neither federal question nor diversity jurisdiction exists in this matter, the action must be remanded to the Jefferson County, Kentucky, Circuit Court. A separate order will be entered this date in accordance with this opinion.