Albert **RAEFORD** and Cathy Elaine Williams, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**EQUICREDIT CORPORATION OF NC; Nationscredit Financial Services Corporation; Bank of America, N.A.; and Bank of America Corporation, Defendants.**

**No. 1:03 CV 584.**

United States District Court, M.D. North Carolina.

March 10, 2004.

751

G. Christopher Olson, Henry Forest Horne, Jr., John Alan Jones, Jones Martin Parris & Tessener, Law Offices, P.L.L.C., Raleigh, NC, for Plaintiffs.

John H. Culver, III, Amy Pritchard Williams, Kennedy Covington Lobdell & Hickman, L.L.P., Charlotte, NC, David Dreifus, Poyner & Spruill, L.L.P., Raleigh, NC, Anthony J. Rollo, Daniel T. Plunkett, David S. Willenzik, McGlinchey Stafford, PLLC, New Orleans, LA, Jeffrey R. Seewald, McGlinchey Stafford, PLLC, Houston, TX, for Defendants.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Remand [Doc. # 3], and Defendants' Motion for Certification and Stay Pursuant to 28 U.S.C. § 1292(b) [Doc. # 12]. For the reasons set forth below, the Plaintiff's Motion to Remand will be GRANTED, and Defendants' Motion for Certification and Stay will be DENIED.

### I.

The facts set forth in the Complaint are as follows: Albert Raeford and Cathy Williams ("Plaintiffs")[1] obtained a mortgage loan from EquiCredit Corporation on March 29, 1999. During the application process, EquiCredit sold the Plaintiffs single-premium credit insurance.[2] EquiCredit employees received incentives for adding this type of insurance to mortgage loans. Plaintiffs argue that this business practice was deceptive because EquiCredit did not inform the Plaintiffs that this insurance was optional, or that EquiCredit was the policy beneficiary. Further, the insurance policy involved fees which were "deceptive, unfair, duplicative," and "in excess of the fees permitted by North Carolina law." (Compl.¶ 2.)

### II.

On September 25, 2002, Plaintiffs brought suit in the Superior Court of Durham County against EquiCredit, its affiliates, and its successor entities. The Complaint alleges several violations of North Carolina law, including counts for unfair and deceptive trade practices, unjust enrichment, and breach of the duty of good faith and fair dealing.

On June 20, 2003, after months had passed and discovery had begun in state court, the Defendants removed the case to this Court. Defendants argue that a recent United States Supreme Court decision provides grounds for removal of the case. Specifically, Defendants characterize Plaintiffs' claims as usury claims against a national bank, which the Supreme Court has found to be completely preempted by federal law. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

---

1. Mr. Raeford and Ms. Williams are the named plaintiffs. However, they are seeking to bring this suit as a class action.

2. With single-premium credit insurance, the insured pays a lump sum when the loan is issued, as opposed to monthly installments. As a result, the premium is financed as part of the loan, and the borrower pays increased interest and fees. This type of insurance has since been outlawed. *See* N.C. Gen.Stat. § 24–1.1(E).

Plaintiffs filed a Motion to Remand, arguing both that Defendants did not file a timely notice of removal, and that the Defendants did not have proper grounds for removal. Defendants filed a Motion for Certification and Stay, seeking either immediate certification for appeal of this Court's decision on Plaintiffs' Motion to Remand, or a ten-day stay of this Court's order to allow the Defendants to file a motion for immediate certification.

## III.

Plaintiffs' Motion to Remand is based on two grounds: (1) that this case was not timely removed, and (2) that the Defendants have no substantive basis for removal. Because this Court will remand based on the first ground, the second need not be discussed further.

Generally, notice of removal must be filed within 30 days of a defendant's receipt of "the pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). However, if the initial pleading does not provide a basis for removal, the defendant may file notice of removal "within thirty days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case ... has become removable." *Id.*

The parties do not dispute the fact that the Defendants failed to file notice of removal within thirty days of the Complaint, nor do they dispute that Defendants did file within thirty days of the Supreme Court's *Beneficial* decision. However, the Plaintiffs allege that the Defendants' notice of removal was untimely for two reasons. First, the Plaintiffs allege that the Defendants knew of the possible grounds for removal at the time the Complaint was filed, and therefore should have filed no-

tice within thirty days of receipt of the Complaint. Second, the Plaintiffs argue that the *Beneficial* decision was not an "order or other paper" that made the case later removable. Because this Court finds that the Defendants knew of the possible grounds for removal as of their receipt of the Complaint, the issue of whether the recent Supreme Court decision provided grounds for removal need not be addressed.

■ The first method for filing timely notice of removal is to file within thirty days of receipt of the Complaint. 28 U.S.C. § 1446(b). This method should be used where the grounds for removal are clear on the face of the pleading. *Id.* The general rule governing removal based on federal question jurisdiction is that the federal question must be clear on the face of the plaintiff's complaint. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Because federal preemption is a defense, it does not appear in a complaint, and cannot provide a basis for removal jurisdiction. However, a federal statute may so *completely* preempt a state-law cause of action that any claim brought "within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial,* 539 U.S. 1, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). When that happens, the claim "arises under" federal law and is removable pursuant to 28 U.S.C. § 1441(b). *Id.*

Defendants' notice of removal characterizes Plaintiffs' claims as usury claims.[3] Although the Supreme Court did not decide the *Beneficial* case until June 2, 2003, lower federal courts had previously addressed the issue of complete preemption of usury claims against banks. *See e.g., Krispin v. The May Dep't Stores Co.,* 218

---

3. Plaintiffs maintain that they have not alleged any usury claims.

F.3d 919 (8th Cir.2000). In fact, the *Beneficial* decision referred to "a longstanding and consistent construction of the National Bank Act as providing an exclusive federal cause of action for usury against national banks." 123 S.Ct. at 2064. In addition, two of Defendant Bank of America's own attorneys had previously argued complete preemption of usury claims as grounds for removal prior to the Supreme Court's decision in *Beneficial. See Hancock v. Bank of America,* 2003 WL 21697885 (W.D.Ky. 2003). There is no reason why Defendants could not have raised the issue of complete preemption upon receipt of Plaintiffs' Complaint.

A Fourth Circuit district court has held that a party may argue for removal based on complete preemption prior to a Supreme Court decision authorizing such removal. *See Sclafani v. Ins. Co. of N. Am.,* 671 F.Supp. 364 (D.Md.1987). The defendant in *Sclafani* argued that two Supreme Court's decisions recognizing complete preemption of claims brought under the Employee Retirement Income Security Act provided grounds for removal nearly two years after the complaint was filed. The District Court found that the defendant could have removed the case within thirty days of receipt of the complaint, raising the same argument which was raised in the subsequently decided Supreme Court decisions.

▉ Like the defendants in *Sclafani,* the Defendant banks in the instant case have failed to timely remove their case to federal court. Although a Supreme Court decision filed during the pendency of this action provides unquestionable authority for removal based on complete preemption of usury claims, there is no reason why Defendants could not have made a similar argument for complete preemption prior to the Supreme Court's decision. Because the Defendants did not file notice of removal within thirty days after receipt of the Complaint, the Plaintiff's Motion to Remand will be GRANTED.

## IV.

Defendants have filed a motion seeking either certification of this Court's decision to remand for immediate appeal, or, alternatively, a ten-day stay of this Court's decision while certification is requested. However, for the reasons set forth below, this Court's decision to remand may not be appealed. Therefore, the factors set forth in 28 U.S.C. § 1292(b) for determining when a case is ready for immediate appeal need not be addressed in detail.

Decisions to remand generally may not be appealed. 28 U.S.C. § 1447(d), ("[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...."). There are a few exceptions to the general rule that remand orders are not reviewable. For example, remand orders in civil rights cases are reviewable. *See* 28 U.S.C. §§ 1443, 1447(d). In addition, remand orders that do not rely on factors enumerated in § 1447(c), i.e., a "timely raised defect in removal procedure" or the "lack of subject-matter jurisdiction," may be reviewed on appeal. *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

Because this case will be remanded based on a timely raised defect in removal procedure, the decision to remand may not be reviewed on appeal. Accordingly, neither immediate certification of this Court's decision nor a stay while Defendants request certification is appropriate. Therefore, Defendants Motion for Certification and Stay will be DENIED.

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand [Doc. # 3],

and Defendants' Motion for Certification and Stay Pursuant to 28 U.S.C. § 1292(b) [Doc. # 12]. For the reasons set forth below, the Plaintiff's Motion to Remand is GRANTED, and Defendants' Motion for Certification and Stay is DENIED.