Glenn Allen ADAIR d/b/a Super
D # 229, et al., Plaintiffs

v.

AMERUS LEASING, INC.,
et al., Defendants.

Civil Action No. 3:07CV608TSL–JCS.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 6, 2008.

Paul N. Davis, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Plaintiffs.

David W. Clark, Bradley, Arant, Rose & White, LLP, Roy H. Liddell, Trey Christian Dellinger, Wells, Marble & Hurst, Jackson, MS, Julianne Farnsworth–PHV, Farnsworth Law Firm, LLC, Charleston, SC, James P. Caldwell, Kevin Bryan Smith, Riley, Caldwell, Cork & Alvis, PA, Tupelo, MS, for Defendants.

### MEMORANDUM OPINION. AND ORDER

TOM S. LEE, District Judge.

On October 12, 2007, after the Federal Deposit Insurance Corporation (FDIC) was appointed Receiver for defendant Net-Bank, which was the successor to one of the original defendants, Republic Leasing Company, Inc., the FDIC removed the case to this court pursuant to 12 U.S.C. § 1819(b)(2)[1] and 28 U.S.C. § 1331. Thereafter, plaintiffs moved to dismiss the FDIC and moved separately to remand the case to the Circuit Court of Hinds County, from which it was removed.[2] Plaintiffs' motion to dismiss, in which they acknowledge that they have no real possibility of collecting any judgment they might obtain against the FDIC, is joined by the FDIC. Defendants have responded to the motion, taking the position that they do not oppose dismissal of the FDIC, but that if the FDIC is dismissed, then those plaintiffs who are asserting claims against the FDIC should be dismissed from the case as well. For their part, while plaintiffs argue that defendants other than the FDIC have no standing to object to their motion, they nevertheless have agreed to the dismissal of those plaintiffs who have claims only against the FDIC. Accordingly, the motion to dismiss the FDIC will be granted, and the claims of plaintiffs Joe Ray Bourn d/b/a The Drug Store, Stan Berry, Delta Pharmacy, Inc. D/b/a Lee Pharmacy, Gerald Pugh, Rawls Drug Co., Inc., Vickie S. Ellington d/b/a Attala Discount Drugs, J. Edwin White, Service Rexall Drugs, Inc., Daryl G. Pitts and Waynesboro Animal Clinic, Inc., against the FDIC will be dismissed.

The parties all recognize that the dismissal of the FDIC does not deprive the court of jurisdiction. *See Bank One Texas Nat'l Assoc. v. Morrison*, 26 F.3d 544, 547 (5th Cir.1994) ("Because jurisdiction is determined as of the time of removal and

1. That statute provides in relevant part as follows:

   (2) Federal court jurisdiction
   (A) In general
   Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
   (B) Removal
   Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.
   12 U.S.C. § 1819(b)(2)(A) and (B).

2. The court notes this is the second time this case has been removed. It was first removed in March 1996 and remanded in February 2003. *See infra* note 4.

post-removal events will generally not deprive the court of jurisdiction, the FDIC's subsequent dismissal from the case did not deprive the court of subject matter jurisdiction."); *Walker v. FDIC*, 970 F.2d 114, 120 (5th Cir.1992) (noting that "federal jurisdiction persists even though the FDIC is subsequently dismissed" from an action). However, plaintiffs take the position in their motion to remand that once the FDIC is dismissed, this court should decline to exercise jurisdiction and should remand the case to state court. On the other hand, defendants have filed separate responses in opposition to the motion to remand, variously arguing that (1) the fact that the court had jurisdiction at the time of removal due to the inclusion of the FDIC "alone demonstrates that the Court deny plaintiffs' Motion to Remand"; (2) the court has jurisdiction not only because of the FDIC's inclusion in the suit but also due to the federal preemption of plaintiffs' claim for usury; (3) the court also has jurisdiction based on diversity of citizenship; and (4) there is diversity jurisdiction based on plaintiffs' fraudulent misjoinder of claims and parties.[3]

There is no merit to defendants' suggestion that the court *must* deny plaintiffs' motion to remand solely because there was federal jurisdiction at the time of removal. Unquestionably there was jurisdiction at the time of removal based on the FDIC's presence in the suit; and that jurisdiction continues despite dismissal of the FDIC. However, the fact that the court *may* continue to exercise jurisdiction does not mean that it should do so.

In support of their argument that the court should retain jurisdiction notwith-standing dismissal of the FDIC, defendants argue that there are bases for this court's jurisdiction over this case apart from the FDIC's inclusion in the suit, namely, the complete federal preemption of plaintiffs' claims for usury and diversity of citizenship. As to the former, plaintiffs do not deny that they have asserted a claim for usury, nor do they dispute that such claim is completely preempted by the National Banking Act, 12 U.S.C. § 85 and 86. *See Beneficial National Bank v. Anderson*, 539 U.S. 1, 11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (concluding that §§ 85 and 86 of the National Banking Act completely preempt state law claims of usury against national banks). Moreover, it appears from the FDIC's notice of removal that the FDIC purported to include preemption of plaintiffs' usury claim as an additional basis for its removal. Notwithstanding this, plaintiffs maintain that the case was not removable on the basis of preemption of their usury claim inasmuch as all defendants, including Republic Leasing Company, for whose successor the FDIC is now the receiver, had long ago waived the right to assert removal jurisdiction on this ground by failing to timely remove on this basis. Plaintiffs submit that having been previously waived, this could not validly be asserted as a basis for removal by the FDIC, and that therefore, this court may not, or certainly should not, assert jurisdiction over the case on a basis that was not properly asserted in the removal notice.

■ Plaintiffs usury claim was set forth in their original complaint, filed in February 1996. It may be debatable whether the case was removable on the basis of

---

**3.** In its response, defendant BancCorpSouth Bank urges only complete preemption of the usury claim as a basis for this court's retaining jurisdiction. Defendants Whiteville Bank, First Commercial Bank of Memphis and St. James Bank and Trust filed their brief, urging each of the referenced bases for continued federal jurisdiction; defendant Lease Partners, Inc. joined in their response.

complete preemption at that time; but certainly, if not then removable, the case became removable on the basis of complete preemption of the usury charge not later than the date of the Supreme Court's decision in *Anderson*, and thus, at the latest, the defendants in the case at the time (including Republic Leasing) had thirty days following the Supreme Court's decision in *Anderson* to remove the case on the basis of the usury charge.[4] *See Landry v. Cross Country Bank*, 431 F.Supp.2d 682, 686 (S.D.Tex.2003) (finding that complaint charging usury became removable under federal question jurisdiction on the date of the *Anderson* decision, so that pursuant to 28 U.S.C. 1446(b), the defendant had thirty days from June 2, 2003 to remove this case).[5] They failed to do this and thereby waived their right to remove on this ground.

More than four years later, after having been substituted as the real party in interest for NetBank, the FDIC purported to remove this case on the basis of 12 U.S.C. § 1819(b)(2)(A), under which practically any case in which the FDIC is a party is "deemed to arise under the laws of the United States." *See also Pollock v. FDIC*, 17 F.3d 798, 801 (5th Cir.1994) ("[E]xcept in very limited circumstances, all civil cases to which the FDIC is a party are deemed to arise under federal law."). However, the FDIC also recited in its notice of removal that "Sections 85 and 86 ... preempt state usury laws."

While the general removal statutes have been held applicable to the FDIC, *see FDIC v. Loyd*, 955 F.2d 316 (5th Cir.1992), § 1819(b)(2), which applies only to the FDIC, grants the FDIC "several procedural advantages ... that go beyond the general removal authorization found in (the general removal statutes) 28 U.S.C. §§ 1441–1452." *Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir.1995). For example, the statute gives the FDIC ninety days to remove, whereas

---

4. The case was removed in March 1996 on the basis of the bankruptcy of Recomm Operations, Inc., whose actions were at the center of the parties' controversy. Following removal, the plaintiffs moved to remand on the basis of discretionary abstention/equitable remand, but before a ruling was made, the case was transferred to the United States District Court for the Middle District of Florida as part of a multidistrict litigation case styled *In Re Recomm International Display, Inc., Contract Litigation*, MDL # 1118. After six years, the case was remanded from the MDL to this court, at which time the parties commenced additional briefing concerning whether there remained any basis for the court's retaining jurisdiction since the case was no longer "related to" Recomm's bankruptcy (if it ever was), which had been dismissed. Finally, in February 2003, this court entered its memorandum opinion and order declining to exercise supplemental jurisdiction and remanding the case. *See Adair v. Amerus Leasing, Inc.*, Civil Action No. 3:96CV218LN (S.D.Miss. 2003). The court's decision was appealed to, and affirmed by the Fifth Circuit. *See Adair*

v. Amerus Leasing, Inc., 86 Fed.Appx. 736, 2004 WL 239684 (5th Cir.2004).

5. Some courts would hold that defendants had thirty days from the date the complaint was filed to remove, notwithstanding that the decision in *Anderson* was not rendered until seven years later. *See Raeford v. Equicredit Corp. of NC*, 310 F.Supp.2d 750 (M.D.N.C. 2004) (observing that although the *Beneficial Nat'l Bank v. Anderson* decision filed during pendency of lawsuit provided "unquestionable authority" for removal based on complete preemption of usury claims, "there [was] no reason why Defendants could not have made a similar argument for complete preemption prior to the Supreme Court's decision," and granting motion to remand "[b]ecause the Defendants did not file notice of removal within thirty days after receipt of the Complaint (asserting the usury claim)"). Here, none of those individuals or entities who were defendants in the case at the time the complaint was filed or at the time of the Anderson decision, including Republic Leasing, filed a timely notice of removal on the basis of the usury charge.

the general removal statute establishes a thirty-day removal time period, compare § 1819(b)(2) with 28 U.S.C. § 1446; whereas the general removal statute provides only for removal by defendants, under § 1819, the FDIC may remove an action even as a plaintiff, *see Doe v. Kerwood, Doe v. Kerwood,* 969 F.2d 165, 168 (5th Cir.1992) ("the FDIC may remove cases as a plaintiff"); and under the authority of § 1819, the FDIC may remove a case even after a state court has entered judgment, a right not accorded defendants by the general removal statute, *see NCNB Texas Nat. Bank v. Johnson,* 11 F.3d 1260, 1263 (5th Cir.1994). Thus, it has been held that the FDIC is subject to the general removal statutes where there is no conflict with the FDIC's broad removal rights under § 1819(b)(2). *See Matter of Meyerland Co.,* 960 F.2d 512, 521 (5th Cir.1992) ("To the extent that the specific powers or mechanisms in the statute are inconsistent with the general removal statutes, [§ 1819(b)(2) ] supersedes the general statutes."); *Loyd,* 955 F.2d at 327 n. 12 (recognizing that whereas "the general removal statute applies to the FDIC," the FDIC "is truly an exceptional entity in the application of the (removal) statutes," and observing that this can "render[ ] it very difficult faithfully, yet practicably, to apply § 1446 to" cases involving removal by the FDIC); *Buczkowski v. F.D.I.C.,* 415 F.3d 594, 596 (7th Cir.2005)(observing that, "given § 1819(b)(2)(B) the FDIC need not play by the normal (removal) rules").

■ In the court's opinion, to the extent the FDIC may have purported to remove this case based on complete preemption of plaintiffs' usury claim, the removal could not have been premised on § 1819(b)(2), but must instead have been based on the general removal statute because § 1819(b)(2) does not purport to authorize the FDIC to remove on any basis other

than its becoming a party to the litigation. Thus, with respect to this additional basis for removal, i.e., complete preemption of the usury claim, the FDIC is subject to the same rules as any other party and enjoys no enhanced removal rights.

Under the general removal statute, when a complaint is amended to add a new defendant, the rule of unanimity (which rule requires the timely joinder or consent of all properly served defendants to removal) will operate to preclude the new defendant from removing. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986) (recognizing that if the first-served defendant does not timely remove, a subsequently added or served defendant cannot remove because that defendant cannot fulfill the unanimity requirement). Under 18 U.S.C. § 1819(b)(2), the rule of unanimity does not apply to an FDIC removal. *See In re Franklin Nat. Bank Sec. Litig. v. Andersen,* 532 F.2d 842, 846 (2d Cir. 1976) (holding that the "all defendants must consent" requirement of 28 U.S.C. § 1441 does not apply to the FDIC's removal under 12 U.S.C. § 1819) (cited in *Doe v. Kerwood,* 969 F.2d 165, 168 (5th Cir.1992)); *Doe,* 969 F.2d at 168 (stating that "the FDIC, the FSLIC, and federal officers each have their own specific removal statute," and "[t]he fact that these parties may remove without the consent of co-defendants is based on the language of those statutes"). On the other hand, the rule of unanimity does apply to a federal question removal under the general removal statute. *See Washington v. Derknoco Auto Sales,* Civil Action No. 3:06cv293LR, 2006 WL 1892549 (S.D.Miss. July 10, 2006). Thus, given that the FDIC's removal on the basis of complete preemption of the usury claim is grounded on the general removal statute, then, if this case were viewed as involving the addition of the FDIC as a new defendant, the FDIC would be precluded by the rule

of unanimity from removing on the basis of complete federal preemption.

■ In fact, however, this is not a case of an amendment adding a new party defendant, but rather a case of one party being substituted for another. The FDIC was substituted for NetBank, whose predecessor, Republic Leasing Company, had waived its right to remove on the basis of complete preemption years before the FDIC became involved. The court obviously recognizes that the FDIC had a virtually unqualified right to remove under § 1819(b)(2) once it became a party; and nothing that had occurred prior to its becoming a party could have affected that right. However, to the extent it purported to remove on any other basis, the FDIC, as a substituted party, "[came] into the suit subject to all the disabilities of the original defendant (Republic Leasing) so far as the right of removal is concerned." *Neely v. Planters' Nat. Bank of Clarksdale, Miss.,* 48 F.2d 266, 267 (N.D.Miss. 1931) (citing *Cable v. Ellis,* 110 U.S. 389, 4 S.Ct. 85, 28 L.Ed. 186 (1884)). *See also Oster v. Rubinstein,* 136 F.Supp. 733, 734 (S.D.N.Y.1955) (stating that "a party who comes into a case as a substitute for an original party cannot exercise the right of removal ... if the original party could not have removed the case"). Thus, since Republic Leasing/NetBank was barred from removing on the basis of complete preemption of the usury claim, then so was the FDIC, and this court therefore does not have removal jurisdiction due to federal preemption of plaintiffs' claim for usury.

■ Several of the defendants argue next that the court should deny plaintiffs' motion to remand because there is complete diversity among the parties, as all plaintiffs are Mississippi citizens and as the moving defendants are non-Mississippi citizens. In the court's opinion, it matters not whether the requirements of diversity jurisdiction are met, as all defendants have waived any right they could possibly have had to assert diversity jurisdiction as a ground for removal. There a one-year time limit on diversity removals, *see* 28 U.S.C. § 1446(b), which defendants cannot satisfy, given that the complaint was filed nearly twelve years ago. Moreover, the FDIC did not purport to remove the case on the basis of diversity jurisdiction and no other defendant purported to remove the case on the basis of diversity jurisdiction.[6] Rather, defendants merely asserted diversity of citizenship as a basis for jurisdiction in their response to plaintiffs' motion to remand.

■ Moreover, the defendants who seek remand on this basis do not contend there is complete diversity among all the parties, i.e., between *all* plaintiffs and *all* defendants. Rather, they argue that they should be considered a separate group from the other defendants, and that all members of their smaller group are of diverse citizenship from the plaintiffs asserting claims against them. *See* Response of Whiteville Bank, First Commercial Bank of Memphis and St. James Bank and Trust, p. 4 ("[T]his court should retain jurisdiction of the action because all claims against these Defendants involve complete diversity."). Even if there were diversity between the plaintiffs and some group of the defendants—which is doubtful and plainly has not been demonstrated by "these defendants"[7]—the determination

---

6. In fact, no other defendant has even joined in the FDIC's notice of removal.

7. These defendants assert only that they believe the salesmen plaintiffs have sued in connection with their lease agreements with these defendants are citizens of Louisiana, and not citizens of Mississippi, but acknowledging uncertainty, challenge plaintiffs to produce documentation disclosing the identity

on removal of whether there is complete diversity takes into account the citizenship of all the parties, not just some select group of parties unless there has been fraudulent misjoinder. And while these defendants do argue that there has been fraudulent misjoinder, this court previously% rejected their fraudulent misjoinder argument when it remanded this case the first time. The court noted as follows:

> Some of the defendants claim that this case should not be remanded because diversity jurisdiction exists. They reason that the claims of some plaintiffs as to whose claims there would be diversity jurisdiction have been fraudulently misjoined with the claims of other plaintiffs, as to whose claims there is no basis for diversity jurisdiction. Given that no party suggested diversity jurisdiction as a basis for removal in the notice of removal or in any paper filed within the time for removal allowed under 28 U.S.C. § 1446(c), it may not now be urged as a basis for this court's exercise of jurisdiction. *See Blakeley v. United Cable System,* 105 F.Supp.2d 574, 579 (S.D.Miss.2000). But even if this had been, or could now be timely raised, and even though this court recognizes the concept of fraudulent misjoinder, defendants have not shown that there has been fraudulent misjoinder on the facts alleged by plaintiffs.

*See Adair v. Amerus Leasing, Inc.,* Civil Action No. 3:96CV218LN, at 22 n. 12 (S.D.Miss.2003). The court will not revisit this issue.[8]

> Defendants have offered no reason for this court's continued exercise of jurisdiction other than their urging the court to exercise jurisdiction on bases which they waived by failing to timely assert in a removal petition. This court previously declined to exercise supplemental jurisdiction over this case following the elimination of the basis for federal jurisdiction notice of removal or in any paper filed within the time for removal allowed under 28 U.S.C. § 1446(c), it may not now be urged as a basis for this court's exercise of jurisdiction. *See Blakeley v. United Cable System,* 105 F.Supp.2d 574, 579 (S.D.Miss.2000). But even if this had been, or could now be timely raised, and even though this court recognizes the concept of fraudulent misjoinder, defendants have not shown that there has been fraudulent misjoinder on the facts alleged by plaintiffs.

*See Adair v. Amerus Leasing, Inc.,* Civil Action No. 3:96CV218LN, at 22 n. 12 (S.D.Miss.2003). The court will not revisit this issue.[10]

Defendants have offered no reason for this court's continued exercise of jurisdiction other than their urging the court to exercise jurisdiction on bases which they waived by failing to timely assert in a

and citizenship of these salesmen. In response, plaintiffs have produced documents showing that a Mississippi citizen, Buel Humphreys, was the salesman on several of the transactions at issue.

8. The court notes that plaintiffs have presented exhibits which show that after the case was remanded the first time, the defendants filed motions to sever with the state court arguing that the plaintiffs had misjoined their claims and misjoined defendants. Their motion was denied. They sought to appeal, but

the Mississippi Supreme Court denied their petition.

10. The court notes that plaintiffs have presented exhibits which show that after the case was remanded the first time, the defendants filed motions to sever with the state court arguing that the plaintiffs had misjoined their claims and misjoined defendants. Their motion was denied. They sought to appeal, but the Mississippi Supreme Court denied their petition.

removal petition. This court previously declined to exercise supplemental jurisdiction over this case following the elimination of the basis for federal jurisdiction which prompted the original removal. There is no more reason to do so now than before, and therefore, the court will grant plaintiffs' motion to remand.

Based on the foregoing, it is ordered that plaintiff's motion to dismiss the FDIC is granted, and the claims of those plaintiffs who had claims only against NetBank (and hence its receiver) will also be dismissed. It is further ordered that plaintiff's motion to remand is granted.

SO ORDERED.